108    537
134   ²349

## STEBBINS *v.* PATTERSON.

1. EQUITY PRACTICE—HEARING ON APPEAL.

Where the testimony in a chancery suit is taken in open court, and no case has been settled under the statute, it must stand for hearing on appeal upon the pleadings, orders, files, and decree alone, and it will be presumed that there was evidence in the lower court to sustain the decree made.

2. STATUTE OF LIMITATIONS—DISABILITY TO SUE—CONCEALMENT OF CAUSE OF ACTION.

The payee in a certificate of deposit was induced, when *non compos mentis,* to transfer the certificate to a third party, who drew the money thereon. The payee died a week thereafter, without having regained her normal mental condition, and

an administrator of her estate was at once appointed. A few days after the expiration of six years from the receipt by the transferee of the money, the administrator, from whom the transferee had fraudulently concealed the facts relating to the transfer, filed a bill to compel the payment to the estate of the money and interest thereon. *Held,* that the action was within 2 How. Stat. §§ 8718, 8724, and was not barred by the statute of limitations.

Appeal from Kent; Adsit, J. Submitted January 7, 1896. Decided March 11, 1896.

Bill by Andrew J. Stebbins, administrator of the estate of Mary Patterson, deceased, against William Patterson, to recover moneys alleged to have been fraudulently obtained from complainant's intestate. From a decree for complainant, defendant appeals. Affirmed.

*T. J. O'Brien* and *James H. Campbell,* for complainant.

*Stephen H. Clink,* for defendant.

LONG, C. J. The bill in this case sets out that Mary Patterson, in her lifetime, was possessed of a certain certificate of deposit issued by the National City Bank of Grand Rapids, dated October 17, 1887; that she held such certificate of deposit in her possession until August 18, 1888, and on that day it was presented at said bank by the defendant, indorsed upon the back with the name of Mary Patterson, by her mark, which mark was witnessed by the defendant and Sylvia C. Patterson, and was duly paid by the bank on that date; and that said moneys are still held by the defendant. The bill further sets forth that, at the time of such indorsement, Mary Patterson was upwards of the age of 70 years, and was ill of a serious and fatal malady, and died on August 25, 1888, intestate, at the city of Grand Rapids, this State; that, at the time the defendant obtained possession of the certificate, the said Mary Patterson was mentally incapable of understanding and of making any gift, sale, transfer,

assignment, or delivery of any property, security, or evidence of debt, or of writing her name, or of understanding that, by making her mark, the defendant could draw the money upon such certificate; that, when conscious, she could, and always did, write her name in business transactions; that the apparent transfer of said certificate to the defendant was fictitious and fraudulent, without consideration, and did not pass any right or title to said moneys to the defendant; that the same, as matter of equity and right, are the moneys of the complainant as administrator; and that the defendant has wrongfully and unlawfully withheld, and still withholds, said moneys from the complainant. The bill also alleges that the defendant has concealed from the complainant the fact that he obtained said certificate and the payment thereon, and has never informed or notified the complainant of the fact, although he has known, ever since October 15, 1888, that the complainant was the administrator of the estate of his mother, Mary Patterson; and that the complainant, from another source, recently obtained information of the fact that such certificate had been obtained, and the moneys drawn thereon by William Patterson, and of the fraud with which the transaction was tainted. The bill sets up the appointment of the complainant as such administrator on September 28, 1888, and prays that it may be decreed that the indorsement upon such certificate was fraudulent, and passed to the defendant no title to such moneys; that the deceased remained the owner of such moneys to the time of her death, and that the same then became the moneys of her estate; that the defendant drew and received, and now holds, such moneys wrongfully and fraudulently; and that he be compelled to pay the same over to the complainant, with the legal interest from August 18, 1888. The defendant answered the bill, and claimed, by the answer, that more than six years elapsed after the alleged conversion of the certificate of deposit set out in the bill, before the commencement of this suit, and therefore the defendant could

not be compelled to further answer or make defense to the suit. There are no allegations in the answer, except a denial of certain portions of the bill, and an admission of other portions thereof. A replication was filed, and proofs were taken in open court, and a decree was entered therein finding the material facts charged in the bill to be true, and decreeing that the complainant recover from the defendant the moneys claimed and the interest thereon. From that decree the defendant appeals.

It appears that the testimony was not settled in the case within the time prescribed by the statute, so that the case stands for hearing upon the pleadings. The only contention by the defendant is that the claim is barred by the statute of limitations, as the conversion of the moneys is charged to have taken place on August 18, 1888, and the bill in this case was not filed until September 24, 1894. The decree made by the court below is returned, and by it the court finds:

"That the material allegations in the bill of complaint in this cause are true, and that the defendant, William Patterson, fraudulently obtained and appropriated the sum of $715.75 of the moneys of the said Mary Patterson, and has withheld the same from the complainant, who has been and is rightfully entitled to the same as administrator of the estate of said deceased; that said moneys were obtained from the bank in which they were deposited, on surrender by said defendant of the certificate of deposit, with the indorsement thereon, as set forth in the bill of complaint in this cause; that, at the time the apparent indorsement of such certificate was made, the said Mary Patterson, deceased, was incapable, on account of old age and sickness, and physical and mental infirmities, of writing her name, and of understanding, making, or assenting to the transfer and indorsement of said certificate, and of making a gift or disposition of said moneys; and that the defendant has no right to said moneys or any part thereof, and that the complainant is entitled to have and recover of said defendant the said moneys, with interest thereon."

The court below found, by the decree, that all the ma-

terial allegations of the bill were true.    The bill recites that—

"The apparent transfer of the certificate of deposit to said William Patterson was fictitious and fraudulent, and without consideration, and did not pass any right or title to said moneys to said William Patterson;    *    *    *    that the said William Patterson has concealed from your orator the fact that he had obtained said certificate and payment thereon, and has never informed or notified your orator of the fact, although said William Patterson has known, ever since the 15th day of October, 1888, that your orator was administrator of the estate of his said mother; that your orator, from another source, has recently obtained information of the fact that said certificate had been obtained, and the moneys drawn thereon by said William Patterson, and of the fraud with which the transaction was tainted."

The bill also recites that the deceased was mentally incompetent to make the transfer at the time the certificate was obtained from her on August 18, 1888, and that she continued sick from that time until August 25, 1888, when she died.

It will therefore be seen that, by the findings in the decree, the certificate was fraudulently obtained from Mary Patterson when she was incompetent to make the transfer, and that she died seven days thereafter from the same illness, and that from that time forward the defendant concealed the fact that he had the certificate or the moneys thereon.    The findings in the decree must be taken as true.    As was said in *Shelden* v. *Weatherwax*, 75 Mich. 418, where the testimony in a chancery suit is taken in open court, and no case has been settled under the statute, it must stand for hearing on appeal upon the pleadings, orders, files, and decree alone; and it will be presumed that there was evidence in the lower court to sustain the decree made.    Under these findings of fact, the statute did not begin to run against Mary Patterson during her lifetime, because she had no knowledge of the fraudulent conversion of the fund, and the

statute would not begin to run against the administrator until the fraud was discovered. In *Tompkins* v. *Hollister*, 60 Mich. 470, it was said:

"The statute of limitations does not apply, in this State, against a cause of action fraudulently concealed before the fraud is discovered. The complainant filed her bill within two years from her discovery of her rights as to this note and the deceit practiced upon her in reference thereto. She has thereby, if the fraud has been committed and concealed as claimed, saved her right of action."

So, in the present case, the findings show that a fraud had been committed in getting this certificate from Mary Patterson, without consideration, and at a time when she was *non compos mentis*. She died from the illness with which she was then afflicted. From that time forward the defendant fraudulently concealed all the facts in relation to the transaction from the administrator, and it was only within a short time before the bill was filed that he discovered the fraud. The case falls within sections 8718, 8724, 2 How. Stat., and is not barred by the statute of limitations.

The decree of the court below must be affirmed.

The other Justices concurred.