ALLEN *v.* CONKLIN.

1. GUARDIAN AND WARD—ESTATES OF DECEDENTS—ACCOUNTING —EQUITY JURISDICTION.

> Equity has jurisdiction to require the executors of the estate of a deceased guardian to account for funds of the ward fraudulently appropriated by the deceased, and to decree a sale of lands in the possession of his heirs and devisees to satisfy the amount found due, although the period within which the probate court might act in relation to the claim has expired.

2. SAME—LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT.

> Where a guardian fraudulently conceals the fact that certain property belongs to his ward, and appropriates the same to his own use, the statute does not begin to run against the ward's right to an accounting until his discovery of the fraud. 2 How. Stat. § 8724.

3. APPEAL—REVIEW—QUESTIONS NOT INVOLVED.

> The Supreme Court, upon affirming an order of the circuit judge overruling a demurrer to a bill in equity, with leave to defendant to answer over, declined to pass upon certain questions discussed by counsel, which might or might not arise in the case, depending upon the nature of the proofs.

Appeal from Montcalm; Davis, J. Submitted February 2, 1897. Decided March 10, 1897.

Bill by Edith A. Allen against Egbert S. Conklin and another, executors of the last will and testament of Richard Low, deceased, Jonah Low, and Peter Van Vleck, for an accounting with the estate, and to establish a lien upon land devised. Defendants Low and Van Vleck appeal from an order overruling their demurrer to the bill. Affirmed.

*Lemuel Clute* and *Miller & Clute*, for complainant.

*N. O. Griswold*, for appellants.

MOORE, J. Complainant filed her bill of complaint, alleging, in substance, that she is now 36 years old; that she is a daughter of David Low, who was killed at the battle of the Wilderness; that her mother died when she was about six weeks old; and that when about four months old she was adopted by William M. Richardson and wife, and lived with them about two years, and then was taken by Edward Thombrey and wife, with whom she resided in Clinton county, Mich., until about eight years of age, when she was taken by her foster parents to Lambton county, Ont., where she still resides. The bill alleges that Richard Low, who is now deceased, was appointed her guardian, and received, as guardian, a large amount of money from the United States government as a pension, which she was entitled to by reason of her being one of the children of David Low, who was a volunteer in the United States army. It further alleges that said guardian made an application for said pension, and it was paid to him for her use and benefit; that said pension amounts to at least the sum of $707.09; that he also received some bounty money and back pay, in which she has an interest; that said guardian never filed any account in the probate court as such guardian, or in any other way accounted to complainant, nor to any public officer, for said funds, and that he has never given her any knowledge or information whatever concerning the matter, nor ever stated to her or brought to her knowledge any facts concerning it that would put her upon inquiry concerning her interests therein; that she never had any knowledge of the facts until November, 1895, which would put her on inquiry as to her rights in the premises; and that he has fraudulently suppressed the facts from her concerning it. The bill alleges that Richard Low died in 1883, testate; that his will has been probated in Montcalm county; that among the provisions in said will the heirs of David Low are given the sum of $150, to be divided equally among them; that she has never had her share of said legacy; and that she is one of

David Low's heirs. She further alleges that her said guardian intended to defraud her out of said pension money.

The bill alleges that commissioners were appointed to hear and allow claims against the estate of Richard Low, deceased, on or about November 26, 1883. It also alleges that subsequent proceedings in relation to such commission have been irregular, and not in compliance with law, and therefore void, and that they in no way operate as a bar to the prosecution of further claims against said estate; that all subsequent purchasers or incumbrancers of any of said estate take their title subject to any claims against said Richard Low, deceased, and are not good-faith purchasers or incumbrancers thereof as against complainant's claim; that Jonah Low was one of the heirs and legatees of said Richard Low, deceased, and that he is now in possession of a valuable piece of real estate belonging to said estate, worth more than enough to pay all complainant claims, after all the other debts are paid; that there is no personal estate out of which to satisfy such a decree; that he had full knowledge of the fact that an accounting in her behalf had been suppressed by said guardian, and that he is in possession of said premises with full knowledge of all her rights; and that Peter Van Vleck is a subsequent purchaser or incumbrancer of said premises, with full knowledge of all her rights. Said bill of complaint also alleges that no facts have come to complainant's knowledge which would set the statute of limitations in motion; that she has been entirely ignorant of all her rights in the premises until November, 1895; that, from the fraudulent conduct of her guardian, she is entitled to come into a court of chancery, and have an accounting, and a lien declared on the land left by her guardian, and an order of sale made; that she is entitled to a lien by virtue of her claim herein stated, prior to any rights therein of either said Jonah Low or Peter Van Vleck to said lands. The bill prays for an accounting by the executors of her deceased guar-

dian, and that the amount which shall be found due to her from her said guardian, as well as her share of said legacy given her by the will, shall be decreed as a prior lien, upon the lands described in the bill of complaint, to any interest claimed therein by Jonah Low and Peter Van Vleck, and that the land may be sold by an order of the court to satisfy such lien. She does not claim any preference as a creditor over other creditors of said estate. Jonah Low and Peter Van Vleck filed a demurrer to the bill of complaint, alleging (1) a general want of equity, (2) a misjoinder of parties, (3) a statement in the nature of a disclaimer by them of any interest in the subject-matter in litigation. The demurrer was overruled, and Low and Van Vleck appeal.

It is claimed that sections 5892–5894, 2 How. Stat., determine the time in which claims against estates can be presented; that so much time has elapsed that the probate court could not allow this claim, nor could it make any order for a sale of the real estate to pay it; and that, as complainant has no case against the property in question, the defendants Low and Van Vleck should not be required to answer,—citing *Brown* v. *Forsche,* 43 Mich. 492; *Winegar* v. *Newland,* 44 Mich. 367; *Pratt* v. *Houghtaling,* 45 Mich. 457; *Willard* v. *Van Leeuwen,* 56 Mich. 15. We do not think any of these cases meet the case stated in the bill. Suppose it is true that so much time has now elapsed since the death of Richard Low that complainant could get no relief in probate court; does it follow that equity cannot aid her? The bill alleges that Richard Low obtained large sums of money, as guardian, belonging to complainant, for which he never accounted, but fraudulently appropriated them to his own use, and prays for an accounting. Unless the statute of limitations has cut off her remedy, she has stated a case entitling her to the aid of a court of equity. *Crain* v. *Barnes,* 1 Md. Ch. 151; *Tompkins* v. *Hollister,* 60 Mich. 470; *Perrin* v. *Lepper,* 72 Mich. 454; *Dodson* v. *McKelvey,* 93 Mich. 263. 2 How. Stat. § 8724, reads that "if any person who is liable [in per-

sonal actions] shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within two years after the person who is entitled to bring the same shall discover that he has such cause of action." *Tompkins* v. *Hollister*, 60 Mich. 470. In equity the rule is stated to be:

" Courts of equity not only act in obedience and in analogy to the statutes of limitations in proper cases, but they also interfere, in many cases, to prevent the bar of the statutes where it would be inequitable or unjust. Thus, for example, if a party has perpetrated a fraud which has not been discovered until the statutable bar may apply to it at law, courts of equity will interpose, and remove the bar out of the way of the other injured party. *A fortiori* they will not allow such a bar to prevail, by mere analogy, to suits in equity, where it would be in furtherance of a manifest injustice." 2 Story, Eq. Jur. § 1521; 13 Am. & Eng. Enc. Law, 680.

If the allegations of the bill are proven, we think a bill in equity will lie to reach the property still in the hands of the heirs, devisees, or legatees of Richard Low, deceased. 2 How. Stat. § 5940; *Chewett* v. *Moran*, 17 Fed. 820.

We are asked to decide in advance some features of this case which may or may not arise, depending upon what the proof discloses. This we decline to do.

The decree is affirmed, with costs, and the case is remanded to the circuit court in chancery. Defendants are allowed 20 days from the date of notice of this decree in which to answer.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.