VAN VLECK *v.* CONKLIN.

1. DECREE—RES JUDICATA—PRIORITY OF LIENS—JUDICIAL SALE
   —SURPLUS.
      A son borrowed money to pay the debts of his father's estate,
      of which he was himself the largest creditor, and to purchase
      the outstanding interests. The loan was secured by a mort-
      gage on the property. Later a bill was filed, to which the
      executors of decedent, the son, and the mortgagee were
      made parties, upon which a decree was rendered declaring a
      lien in favor of complainant, as creditor of decedent, upon
      the property in question, and directing that it be sold, and
      the proceeds applied upon a basis fixed in the decree, which
      required such lien to prorate (*a*) with the amounts paid by
      the son to satisfy claims of third persons against the father's
      estate (as to which the mortgagee was subrogated to the son's
      rights), and (*b*) with the son's individual claim against such
      estate. The premises being sold, the mortgagee, on a motion
      for distribution of the proceeds, asserted a right, as against the
      mortgagor, to the entire surplus after payment of complain-
      ant's claim; upon which motion the court determined that
      the original decree settled the rights of the parties to the
      several amounts specified, and that the mortgagee, not hav-
      ing appealed, should prorate with the mortgagor upon the
      basis fixed therein. *Held*, that the decree ordering sale was
      *res judicata* only as to the issues raised by complainant in that
      proceeding, and that the specifying of the liens with which
      complainant should prorate did not have the effect of fixing
      the rights of such lienholders as between themselves. *Held*,
      further, that the surplus should be paid to the mortgagee.

2. APPEAL—RECORD—FORECLOSURE—AMOUNT DUE.
      On an appeal from a decree of distribution of the proceeds of
      sale of mortgaged premises to satisfy a prior lien, an objec-
      tion that the record does not disclose that anything was due
      on the mortgage, because the note was not introduced in evi-
      dence, is without force, where the note is filed in the appel-
      late court with an affidavit explaining satisfactorily why it
      was not filed below, and the record contains the answer of
      the mortgagor in the proceeding to establish the prior lien,
      in which he admits that the mortgage is due and unpaid.

---

[1] Rehearing denied May 29, 1900.

Appeal from Montcalm; Davis, J.   Submitted January 3, 1900.   Decided March 27, 1900.

Bill by Edith A. Allen against Egbert S. Conklin and another, executors of the last will and testament of Richard Low, deceased, Jonah Low, and Peter Van Vleck, for an accounting with the estate, and to establish a lien upon land devised.   There was a decree for complainant, and defendant Van Vleck, as complainant's assignee, made a motion for an order directing the payment to him of the moneys arising from a sale of the premises under the decree.   The motion was opposed by James Donovan, as assignee of Jonah Low, and was denied by the court.   From a decree distributing the proceeds, complainant, Van Vleck, appeals. Reversed.

*William O. Webster*, for complainant.

*A. A. Ellis*, for defendant Donovan.

LONG, J.   In the circuit court for Montcalm county a motion was made by complainant for an order directing the register of the court to pay over to him the moneys arising on the sale of certain premises under a decree made in the case of *Allen* v. *Conklin*, of which decree complainant here is the assignee.   The case of *Allen* v. *Conklin* was before this court on demurrer, and is reported in 112 Mich. 74 (70 N. W. 339).   The facts alleged in the bill are there fully set forth.   It was there said: "If the allegations of the bill are proven, we think a bill in equity will lie to reach the property still in the hands of the heirs, devisees, or legatees of Richard Low, deceased."   The cause was remanded, and the appealing defendants were given 20 days to answer.   Answers were filed by the defendants Jonah Low and Peter Van Vleck, and proofs were taken in open court.   On the hearing the court below found by the decree that there was due complainant, Edith Allen, the sum of $1,295.36, and a lien was declared upon the N. W. ¼ of section 13, township 9 N.,

range 6 W., Montcalm county, this State, for that amount, with interest from date of decree at 6 per cent., together with the taxable costs in favor of complainant. The court also found by said decree that Jonah Low and Peter Van Vleck were not purchasers or incumbrancers of the lands described with rights superior to complainant. The court thereupon decreed that Jonah Low and Peter Van Vleck pay said sum before May 1, 1898, or that, in default thereof, said premises be sold, and the proceeds of such sale be brought into court, and applied to the payment and satisfaction of the decree and of complainant's claim; and the basis upon which said money was to be applied was fixed as below. The court then found in and by the decree that:

"At the time of the allowing of the final account of the executors of said estate, there was due to said executors the sum of $636.78, which said sum has never been paid by any moneys of the said estate, but were advanced by the said Jonah Low out of moneys received by him from the said defendant Peter Van Vleck; and there was also due, at the time of the allowance of the final account against said estate, to Dr. Lovett, medical attendant to Eliza Low, $123.50, and to the heirs of David Low, deceased, for legacies, $150,—which sums together amount to $910.28, which, with the interest thereon from the time of their allowance, to wit, April 29, 1895, at 6 per cent., amount to $1,058.61 on the 17th of January, 1898; all of which were advanced of the moneys so received from the said Peter Van Vleck by the said Jonah Low, excepting $37.50, being one-fourth of said $150, which has never been paid complainant, and which, with interest at 6 per cent. from April 29, 1895, should be deducted therefrom; and said Peter Van Vleck is hereby subrogated to rights of Jonah Low as to said $1,058.61. It also appears to this court that on the 26th day of May, 1884, there was allowed Jonah Low, defendant, against said estate, the sum of $972.49, which said sum, together with interest thereon at 7 per cent. to October 18, 1891, and 6 per cent. from then to January 17, 1898, would amount to $1,839.49, which said sum of $1,839.49, together with $1,015.08, makes a total of $2,854.57, which is due Jonah Low, and which would stand on an equal footing with complainant's claim,

and prorate with it. No charge is made by this decree against Jonah Low for the use of the lands herein described for any time whatever. He has, however, had the entire use thereof since Richard Low's death.

"Complainant is decreed to stand prior in her rights under this decree, and the lien declared by it, to all other sums represented in said mortgage from Jonah Low to Peter Van Vleck upon the lands this lien is declared upon, for the full amount hereby decreed to be her due, excepting, however, that complainant's lien, hereby declared and decreed, shall be subject only to the sum due and unpaid on a mortgage of $300 given by Richard Low to Henry Van Voorheis, November 23, 1881, covering the northwest quarter of the northwest quarter of said section herein described; and it shall be subject thereto only as to the land covered by said Van Voorheis mortgage.

"The court further adjudges and decrees that all the statutory expenses of administering the estate have been paid prior to October 12, 1895, and the executors of said estate (Heisler and Conklin) have no property, real or personal, in their hands belonging to said estate, and that all the residue of said estate is in the possession, custody, and control of Jonah Low, which constitutes the real estate described in this decree.

"It is further ordered, adjudged, and decreed that, in case this decree is paid and satisfied to complainant's solicitors by Peter Van Vleck, that he will thereby stand subrogated to all of complainant's rights by virtue of this decree.

"It is further ordered, adjudged, and decreed that complainant do recover her costs to be taxed against the defendants, and that said costs be included in her lien thereby declared as a part of her claim; that the amount found due to her by this decree, exclusive of costs, shall be first satisfied, and that, if not enough is realized on a sale of said premises as aforesaid, after paying the expenses of said sale of said premises as aforesaid, to satisfy complainant's claim, including costs as taxed, that she have execution against Jonah Low and Peter Van Vleck for the residue of her costs, but not for the principal sum herein decreed to be due her."

This decree was never appealed from, and was thereafter, on May 18, 1898, assigned by complainant, Edith Allen, to Peter Van Vleck, one of the defendants in that

decree. It appears, also, that Jonah Low assigned all his interest in the decree on May 9, 1898, to one James Donovan. When the present motion was made, James Donovan appeared, and asked that, if Peter Van Vleck was substituted in place of complainant to enforce the original decree, he (Van Vleck) also be made liable to all obligations as defendant as originally incurred, and that he be directed to sell the premises within a reasonable time, and divide the money as provided by the original decree. The court below thereupon directed a sale of the premises, and that the moneys arising therefrom be brought into court. The sale was made, and the premises struck off to Peter Van Vleck for $4,000, deducting from which expenses of sale left $3,971.25, which was deposited with the register of the court. After these moneys came into court, and on this present motion, the court made a final decree of distribution, providing that:

"James Donovan is the purchaser of the interest of Jonah Low, with the same rights that Jonah Low had previous to such assignment, which rights were purchased by James Donovan before Peter Van Vleck purchased the rights of Edith A. Allen; he, the said Van Vleck, then having an interest of $1,058.61 in the decree. The decree was never appealed from, and, although Peter Van Vleck now asks to have the surplus allowed him, he must stand by the decree that all parties were satisfied with at its rendition. By standing by the decree in part and acting under it, Van Vleck must abide by it in its entirety. He cannot now come in and change the decree. He has taken no steps to determine his mortgage lien, and in no event could he take any lien upon more than was owned by the mortgagor, as it is not claimed that there was any covenant of warranty contained in the mortgage. At the time of giving the mortgage, Jonah Low stood as a creditor of said estate for such amount as he had paid, and had a lien prior to any mortgage he might give. There is nothing before this court to indicate that any lien given him by virtue of said decree was ever surrendered by him, or intended to be surrendered by him. No application was ever made to this court to place any lien in favor of Peter Van Vleck upon the moneys awarded and deter-

mined to be due Jonah Low by virtue of said decree. This court made a decree settling the relative rights of the parties so far as they were at issue, and that issue was determined by settling the lien that Edith A. Allen, Peter Van Vleck, and Jonah Low had by virtue of being creditors and by virtue of having paid the indebtedness of said estate.

"The rights of Peter Van Vleck and the liabilities of Jonah Low under the mortgage have never been settled, except as they are settled in the said original decree. Neither did the parties in this proceeding seek to settle the same, except so far as it was necessary to determine whether the claim of Edith A. Allen was paramount to the title of Jonah Low and lien of Van Vleck by way of mortgage; and, it being determined that she should stand on an equal footing with Jonah Low and Peter Van Vleck, and prorate with them, it was necessary in said original decree to determine how the money should be distributed that was received from the sale of the premises. I can see no other way than to follow the decree. Therefore it is ordered that Peter Van Vleck be paid his *pro rata* share of the fund on hand, using as a basis for his proportion the sum of $1,058.61 and the interest thereon, and the sum of $1,471.86 and the interest thereon,—making a total of $2,572.81; and that James Donovan be paid his *pro rata* share from the money on hand, using as a basis therefor the sum of $1,795.96, with interest thereon to the time of sale,—making a sum of $1,867.80. Adding the whole amount together, it would appear that the amount of the principal sum to be paid would be $4,440.61, and the amount to pay this with is $3,971.25, or 89.4 per cent. Therefore it will be ordered that Peter Van Vleck receive 89.4 per cent. of $2,572.81, amounting to $2,300.89; and that James Donovan, as assignee of Jonah Low, be paid 89.4 per cent. of $1,867.80, amounting to $1,670.36."

It is from this order of distribution that Peter Van Vleck appeals.

We think the court misinterpreted the effect of what is called the "original decree." After the case of *Allen* v. *Conklin, supra,* was decided in this court, the defendant Jonah Low put in an answer in that case, in which he denied that complainant had any claim against the estate of Richard Low; and then made the following averments:

"This defendant further admits that there were large sums allowed the creditors of the estate of Richard Low by the commissioners on claims, more than enough to consume all of his personal property, and that there is now not only no personal property, but no real property, which belonged to Richard Low's estate; that this defendant was allowed a large claim against the estate of Richard Low, and was himself the heaviest creditor of said estate, as appears by the report of the commissioners on claims in the probate court, and that no part of his claim was paid out of the personal property belonging to said estate; that by common consent among the legatees named in the last will and testament of Richard Low, deceased, this defendant deferred the collection of his said claim against the estate of said Richard Low during the lifetime of the wife of said Richard Low, and that after the death of the wife of said Richard Low, which occurred in 1894, the executors of said estate filed their final account, showing the receipts and income from said real estate while it had been in their possession and control, and the amount expended by them in the care and support and maintenance of Eliza Low, the widow of said Richard Low, and for her last sickness and burial; that a considerable amount of money was then due to the executors on account of expenses incurred by them in the care and maintenance of the said Eliza Low, as by the terms of the last will and testament of said Richard Low they were under obligations to do, she being the first and most important legatee named in said will; that after her death, and after the final account of said executors was rendered, and approved and allowed by the probate court of said county, a final settlement was had among the legatees named in the last will and testament of said Richard Low, except the children of David Low,—that is to say, those legatees named in said will who had remaining interest in the property after the support and maintenance of said Eliza Low, and after the payment of one dollar each to Thomas and William Low, sons of Richard Low, and the payment of the said $150,—all agreed together, and this defendant purchased of each his remaining interest in the lands described in said bill of complaint which belonged to Richard Low in his lifetime; that from thenceforward this defendant held said lands as purchaser, and not as legatee or heir; that in making said purchase he was compelled to borrow money, and for that purpose executed a

mortgage to Peter Van Vleck for the sum of $2,800, and borrowed that sum of the said Peter Van Vleck, which still remains unpaid."

Defendant prayed that the bill might be dismissed.

Defendant Van Vleck put in an answer, in which he claimed that he in good faith loaned to Jonah Low the sum of $2,800, and took a mortgage upon the premises; and that Jonah Low borrowed this money for the purpose of paying the debts allowed against the estate and the money legacies, and to enable him to buy out certain other legatees who were interested in the land by the terms of the will. This defendant also prayed that the bill might be dismissed.

It will be noticed that both defendants in that proceeding were agreed that the money advanced by Van Vleck was used to pay the debts which had been allowed against the estate, including the claim of Jonah Low. There was no claim by the latter that he had any interest in the land prior to the mortgage given by him to Van Vleck. He denied that Edith Allen had any claim whatever against his father's estate, and both defendants agreed that the Van Vleck mortgage should have priority over any claim which might be due Edith Allen. It is apparent from these answers and the decree that the mortgage included, not only the amount of the claims which had been presented and allowed against the estate, but also a sum of money to enable Jonah Low to buy out the other heirs. It is also apparent from the decree that, while a claim was found in favor of Edith Allen, which could not be defeated by invoking the statute of limitations, it was the idea that she must stand on the same footing as the other creditors. The court then proceeded to determine what claims were allowed against the estate, and found as to those claims that they and the claim of Van Vleck must prorate in the proceeds of the sale of the land. The decree then provided:

"And complainant is decreed to stand prior in her rights under this decree, and the lien declared by it, to all

other sums represented in said mortgage from Jonah Low to Peter Van Vleck upon the lands this lien is declared upon, for the full amount hereby decreed to be her due."

We think it clear the court was giving a history of these claims and the amounts thereof, not for the purpose of establishing the extent and order of the lien Van Vleck had under the mortgage, but for the purpose of indicating what claims should prorate with the claim of Edith Allen, and the other sums represented in the mortgage, with which she should not be required to prorate, but in relation to which her claim should have priority. The court did not decree that the sum which had been allowed to Jonah Low against the estate of his father should be paid to him; indeed, this he could not well do, for Jonah Low had stated in his answer that Van Vleck had loaned him $2,800, out of which this claim had been paid. Nor did the court undertake to fix the lien Van Vleck had upon the land by virtue of his mortgage, or the interest he would have in the fund if the land was sold. The court was not asked to do this, and the only reference made to the mortgage in the decree is the quotation we have just made from it, in which Edith Allen is decreed to stand prior in her rights to all other sums (except those with which she must prorate) represented in said mortgage. Shortly after what is called the "original decree" was made, Jonah Low sold his interest in the decree to James Donovan, and, though he admitted in his answer that Van Vleck had loaned him $2,800, for which he had given him security on this land, and which had not been repaid to Van Vleck, and out of which his claim against the estate had been paid, it is now the claim of his assignee, Mr. Donovan, that he should be paid that sum over again out of the fund realized upon the sale of the land. The circuit judge, supposing that what is called the original decree was *res adjudicata*, made a decree in accordance with the claim of Donovan. We have already shown he misapprehended that decree. The record shows the fund is not sufficient to pay the claim of Edith Allen and also

pay the mortgage debt of Van Vleck. It should be applied to the payment of those claims so far as it will go.

It is urged here that the record does not disclose there was anything due on the mortgage, because the note was not introduced in evidence in the court below. The solicitor files the note in this court with an affidavit explaining why it was not done in the court below. Irrespective of this act, in view of the fact that it is averred in the answer of the assignor of Mr. Donovan that the amount of the mortgage is due and unpaid, the question need not give us much trouble.

The decree of the court below is reversed, and one will be entered here in accordance with this opinion, with the costs of this court.

The other Justices concurred.