WOLKINS *v.* KNIGHT.

1. STATUTE OF LIMITATIONS—CONCEALMENT OF CAUSE OF ACTION.
   Where a debtor, when applied to by an administratrix for a
   statement of the account between him and the intestate,
   exhibited a false account, and falsely claimed to have made
   a payment, and the administratrix had no knowledge of and
   no way of ascertaining the true account except from the
   debtor, the cause of action was not barred by the statute of
   limitations until two years after the administratrix ascer-
   tained that the payment had not been made.   3 Comp. Laws,
   § 9739.

2. CONTRACTS—ACTIONS—PARTIES.
   Where defendant purchased from plaintiff's intestate a quantity
   of apples, in a part of which a third person had an interest,
   and plaintiff had settled with the third person for his interest
   before the commencement of suit, the plaintiff was entitled
   to recover.

Error to Berrien; Coolidge, J.   Submitted June 3,
1903.   (Docket No. 18.)   Decided September 15, 1903.

*Assumpsit* by Frances Wolkins, administratrix of the
estate of Peter Wolkins, deceased, against David Knight,
for goods sold and delivered.   From a judgment for
defendant on verdict directed by the court, plaintiff brings
error.   Reversed.

*O'Hara & O'Hara*, for appellant.

*Lawrence C. Fyfe*, for appellee.

MOORE, J.   The plaintiff is the administratrix of
the estate of her deceased husband.   She sued to recover
an amount due for apples delivered by her husband
to defendant in his lifetime.   The defendant pleaded the
statute of limitations.   After the proofs offered on the
part of the plaintiff were all in, and before any testimony

was offered on the part of defendant, the circuit judge directed a verdict in favor of defendant. The plaintiff has brought the case here by writ of error.

The sole question in the case is whether plaintiff has brought herself within the provisions of section 9739, 3 Comp. Laws, which reads as follows:

"If any person who is liable to any of the actions mentioned in this chapter shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within two years after the person who is entitled to bring the same shall discover that he has such cause of action, although such action would be otherwise barred by the provisions of this chapter."

It was the claim of the plaintiff, and she offered proofs tending to show it, that her husband, who was a farmer, sold upwards of $600 worth of apples, the product of eight orchards, to the defendant in the fall of 1889; that he was taken ill with typhoid fever shortly thereafter, and died on the 19th of January, 1890; that she knew her husband had received one payment of $100, but did not know how much was still unpaid; that, after the death of her husband, she sent two persons to see defendant, who lived seven or eight miles away, to learn the condition of the account, who were shown by defendant his book of accounts, which contained an entry of $100 paid on the apples, and another of $500 paid thereon, and that Mr. Knight stated the $500 payment was made on Thanksgiving day by him to Mr. Wolkins, and that there remained due but $61. Mrs. Wolkins afterwards saw Mr. Knight, who assured her he had paid her husband the $500 on Thanksgiving day, and there was but $61 unpaid, which amount he afterwards paid to her. It was Mrs. Wolkins' claim, and she so testified, it was not until shortly before this suit was brought she learned Mr. Knight was indebted to her husband at the time of his death in the sum of $561, instead of $61, as represented to her agent

and again to her by Mr. Knight. Two witnesses were introduced by her whose testimony, if true, established the indebtedness as being upwards of $500.

Before the court directed a verdict, the attorneys for the plaintiff requested the court to instruct the jury as follows:

"1. If you find from the evidence that defendant was owing Peter Wolkins, at the time of his death, upwards of $500, and you further find that he fraudulently concealed this fact from the plaintiff, and you also find that plaintiff did not know of this fraudulent concealment until July or August, 1901, then I charge you that plaintiff's right of action is not barred by the statute of limitations.

"2. Unless you find that the plaintiff had either actual knowledge, or ought to have had actual knowledge, under the circumstances, by reasonable diligence, then that account is not barred by the statute of limitations, and, if you find the other facts, the plaintiff is entitled to recover."

We think, under the provisions of the statute, and the testimony offered on the part of the plaintiff, these requests should have been given. The following cases are in point: *First Massachusetts Turnpike Corp.* v. *Field*, 3 Mass. 201 (3 Am. Dec. 124); *Sherwood* v. *Sutton*, 5 Mason, 143 (Fed. Cas. No. 12,782); *Haynie* v. *Hall's Ex'r*, 5 Humph. 290 (42 Am. Dec. 427); *Shannon* v. *White*, 6 Rich. Eq. 96 (60 Am. Dec. 115); *Reynolds* v. *Hennessy*, 17 R. I. 169 (20 Atl. 307, 23 Atl. 639); *Lieberman* v. *Bank*, 2 Penne. (Del.) 416 (45 Atl. 901, 48 L. R. A. 517, 82 Am. St. Rep. 414); *Manufacturers' Nat. Bank* v. *Perry*, 144 Mass. 313 (11 N. E. 81); *O'Dell* v. *Burnham*, 61 Wis. 562 (21 N. W. 635); *Marbourg* v. *McCormick*, 23 Kan. 38; *Tompkins* v. *Hollister*, 60 Mich. 470 (27 N. W. 651); *Stebbins* v. *Patterson*, 108 Mich. 537 (66 N. W. 484); *Allen* v. *Conklin*, 112 Mich. 74 (70 N. W. 339).

It is suggested that the cause of action cannot be maintained by the plaintiff because Mr. Flowers also had an interest in the apples. It is true he had an interest in five of the orchards, but the record shows that, as related to Mr. Knight, the transaction was between him and Mr. Wolkins. He paid to the latter the $100, and to his :

administratrix the $61, which he claimed settled the account. It also appears that the administratrix settled with and paid Mr. Flowers, long before. the suit was brought, for the apples in which he had an interest.

It is claimed Mrs. Wolkins had knowledge which ought to have advised her of the true situation. We think the record does not so disclose. It does not appear her husband kept books showing the transaction. She went to the one who knew what the facts were, and who ought to have told her the truth. He cannot be heard to complain because she relied upon what he told her.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.