**SCHRAM v. DEDERICK.**

**SAME v. FINZEL.**

Nos. 108, 113.

District Court, E. D. Michigan, S. D.

April 10, 1942.

For original findings, see 42 F.Supp. 525.

Robert S. Marx and Thomas L. Conlan, both of Detroit, Mich., for plaintiff.

William R. Brandt and Alexander G. Francke, both of Detroit, Mich., for defendants.

LEDERLE, District Judge.

Supplemental Findings of Fact.

9. These supplemental findings and conclusions are being filed upon motion of the defendants in these cases, in accordance with Rule 52(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, no judgments having yet been entered.

10. Following directions appearing in my original findings herein, the parties appeared and introduced evidence as to specific dates and amounts of conceded payments made by the defendants herein to the plaintiff's predecessor banks.

11. As to defendant Leo A. Dederick, it appears that he made payments totaling $332.77 between April 27, 1928, and November 2, 1932; that interest thereon has been waived by him; that this action was commenced against him on October 31, 1932, and that on February 17, 1939, he filed his answer with claim of set-off and recoupment for such moneys, claiming them to have been paid under mistake of fact.

12. As to defendant William Finzel, it appeared that he made payments totaling $332.85 between April 27, 1928, and November 3, 1932; that interest thereon has been waived by him; that this action was commenced against him on October 24, 1928, and that on November 10, 1938, he filed his answer with claim of set-off and recoupment for such moneys, claiming them to have been paid under mistake of fact.

13. Plaintiff moved to dismiss the defendants' cross-claims for the reason that the causes of action therein stated were barred under the six-year Michigan Statute of Limitations, being 1929 Compiled Laws, Sec. 13976. Defendants claimed that the proofs showed there had been a fraudulent concealment of their causes of action, within the meaning of 1929 Compiled Laws, Sec. 13983, which tolled the Statute of Limitations until two years after discovery of their causes of action.

14. As determined in the original findings herein, defendants signed notes and made these payments under the mistaken belief of fact, induced by plaintiff's predecessor banks who possessed written records disclosing the true facts to be otherwise, that a loan had been made to the Club upon the specific note guaranteed by defendants' guaranty. Exhibits introduced in this and the Brownell case showed that at least some of the communications whereby defendants were misled as to the facts were part of the written records of the banks. I must, and do, find that these actions upon the part of plaintiff's predecessor banks, by which defendants were induced to pay moneys they had never owed, amounted to a fraud upon the defendants.

15. The true facts were concealed from defendants by plaintiff's predecessor banks, and there was nothing to put either defendant upon inquiry that he had been deceived, for which he had a cause of action, until after the decision in the Brownell case on November 27, 1937, which was the first time either defendant discovered his cause of action. Each defendant filed his counterclaim within two years thereafter.

16. Defendants also contend that their cross-demands herein are set-offs within the meaning of Sec. 14132 of the Compiled Laws of Michigan for 1929, and further, that by the provisions of Sec. 13990 of said Compiled Laws these claims by way of set-off are not barred under the Statute of Limitations because they were not barred at the time plaintiff's causes of action accrued. Plaintiff, on the other hand, contends that defendants' claims are in the nature of recoupment, within the contemplation of Sec. 14141 of said Compiled Laws, and that, as announced in the case of Warner v. Sullivan, 249 Mich. 469, 229 N.W. 484, the Statute of Limitations does bar affirmative recovery by defendants. However, in the view I take of this matter, it is unnecessary for defendants to rely upon this contention.

## Supplemental Conclusions of Law.

6. By Michigan statute, if one liable to a personal action for the recovery of money shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within two years after the person who is entitled to bring the same shall discover that he had such cause of action, although the cause of action would otherwise be barred by the applicable statute of limitations.

### 1929 Mich.Comp.Laws, Sec. 13983.

7. It is the rule in Michigan that where the basis of an action is a fraud perpetrated by one liable to action therefor, the original fraud is regarded as a continuing affirmative act, and mere silence of the one liable to such action constitutes a concealment of the cause of action in the absence of anything putting the person who has such cause of action upon inquiry regarding the same. Consequently, there was as to each of these defendants a fraudulent concealment within the meaning of said Section 13983, which tolled the general limitation period until two years after defendants should have discovered their causes of action, and their cross-claims filed in these actions within such two-year period, were not barred by the Statute of Limitations. Converse v. Blumrich, 14 Mich. 109, 115, 90 Am.Dec. 230; Dowse v. Gaynor, 1908, 155 Mich. 38, 118 N.W. 615; Schram v. Burt, 6 Cir., 1940, 111 F.2d 557; Hathaway v. Hudson, 1932, 256 Mich. 694, 239 N.W. 859; Goodhue County Nat. Bank v. Ekblad, 1931, 183 Minn. 361, 236 N.W. 629; 11 Am.Juris, pp. 279-280; Holman v. Moore, 1932, 259 Mich. 63, 242 N.W. 839; Tompkins v. Hollister, 1886, 60 Mich. 470, 27 N.W. 651; Stebbins v. Patterson, 1896, 108 Mich. 537, 66 N.W. 484; Allen v. Conklin, 1897, 112 Mich. 74, 70 N.W. 339; Wolkins v. Knight, 1903, 134 Mich. 347, 96 N.W. 445; Groen-

dal v. Westrate, 1912, 171 Mich. 92, 137 N.W. 87, Ann.Cas.1914B, 906; County of Saginaw v. Kent, 1920, 209 Mich. 160, 176 N.W. 601.

Judgment shall be entered in each case of no cause of action upon plaintiff's complaint and assessing in favor of each defendant and against plaintiff the sum of his respective payments as above specified, with costs taxable in favor of each defendant.