## Alfred J. Buchoz v. Joseph Pray.

*Estates of deceased persons: Commissioners on claims: Contingent claims: Appeal: Remedy.* The duty of commissioners on claims in the probate court to report the proof of a contingent claim presented to them, is not judicial, but ministerial, and its omission cannot be remedied, rectified or redressed by appeal; its observance must be enforced by warrant (*Comp. L. 1871, § 5200*), or by *mandamus,* or by attachment, or the proof must be supplied, if necessary, in some special way.

*Commissioners on claims: Appeals: Statutes construed.* The right of appeal from claim commissioners to the circuit court, is given and governed by *chapter 158, Comp. L.,* and not by *chapter 177,* which contains provisions about appeals from certain rulings and decisions of the judge of probate.

*Commissioners on claims: Contingent claims: Appeals.* An appeal from commissioners to the circuit court does not lie in case of contingent claims not asserted or capable of being asserted as absolute.

BUCHOZ v. PRAY.

*Commissioners on claims: Contingent claims: Hear and report proofs.* The commissioners have no power to adjudicate upon contingent claims; their duty in regard to them is to hear the proofs and report the same to the probate court (*Comp. L. 1871*, § *4464*) to the end that that tribunal, having the facts before it, may require the representatives to retain assets against the possibility of their being needed upon the claim (§ *4465*), and provision is made for a hearing and adjudication upon the claim afterwards when it shall have become absolute (§ *4466*), and from its allowance or disallowance then, an appeal is provided for.

*Submitted on briefs April 18.    Decided April 24.*

Error to Washtenaw Circuit.

*A. J. Sawyer*, for plaintiff in error, to the point that an appeal would not lie from the action of claim commissioners upon contingent claims, cited: *1 Mich., 193; 3 Mich., 163; 20 Mich., 366; 3 Mass., 309; 5 Mass., 514; 5 Johns., 174; 3 Wend., 494; 4 Hill, 207; 8 Fost., 520;* and that *mandamus* was the proper remedy to compel them, if they refused to perform their duty: *Moses on Mand., 14; 23 Wend., 455; 35 Barb., 408; 24 N. Y., 114; 11 Abbott Pr., 17; 37 Barb., 466.*

*Beakes & Cutcheon*, for defendant in error, cited: *Clark v. Davis, 32 Mich., 159.*

GRAVES, J:

Judge Ninde, Conrad Krapf and Asher A. Terry, having been appointed under *ch. 158, C. L.*, commissioners on claims against the estate of Louis R. Buchoz, deceased, Joseph Pray presented a contingent claim he held against the estate, together with his proof thereof.

February 25th, 1876, the commissioners made their report to the probate court and therein set down the presentation of the contingent claim by Pray and that it was disallowed. The report neither contained nor was technically accompanied by the proof made on the claim. At the same time, however, a full and perfect report was prepared on the subject and filed in the probate court on the 29th of March; but this was only signed by Judge Ninde, the other commissioners not joining in it. On the day this last paper was filed, Pray entered in the court of probate a claim of appeal

from the decision of the commissioners disallowing his contingent claim, and on account of the failure to state in the report the proof adduced before them on such claim.

The circuit judge proceeded to hear the matter without a jury, and at length made a special finding and reversed the determination of the commissioners and awarded a conditional judgment in Pray's favor in dollars and cents.

The administrator then brought error and the return to the writ contains, with the other proceedings, a bill of exceptions, and also exceptions taken to the law findings. An examination of the statutes and the record compels an opinion that the proceedings for the most part have been taken and carried on under a misconception of the purpose and effect of the provisions which relate to the subject.

*First,* The failure of the commissioners to state in their joint report to the probate court the proof adduced upon the claim, if of any special importance after the separate report of Judge Ninde, was not, as a consequence of its intrinsic nature, the subject of appeal to the circuit court.

The duty to report the proof is not judicial, but ministerial, and its omission cannot be remedied, rectified or redressed by appeal. Its observance must be enforced by warrant (§ *5200, C. L.*), or by mandamus, or attachment, or the proof must be supplied, if necessary, in some special way. The judge of probate, on entertaining the claim of appeal, refused to notice this ground, but the circuit judge seems to have considered it as before him.

*Second,* The right of appeal from claim commissioners to the circuit court is given and governed by *ch. 158, C. L.,* and not by *ch. 177,* which contains provisions about appeals from certain rulings and decisions of the judge of probate.

And as the question is not only involved, but expressly made, it is necessary to see whether *ch. 158* assumes to give any right of appeal from commissioners to the circuit court in case of contingent claims, not asserted or capable

of being asserted as absolute. If it does not, it follows that the proceedings in the circuit court were unwarranted.

Now, the language of the chapter, wherever it relates to demands to be adjudicated before the commissioners, is uniform and distinct. The power and duty of the commissioners over non-contingent claims are referred to in clear and unvaried terms.

Such·claims are always to be allowed or disallowed, wholly or in part. They are to be adjudicated upon, and an allowance, in the obvious sense of the statute,. is a determination that so much is actually owing, and not that there is ·a possibility of future indebtedness.—§§ *4428, 4430, 4431, 4433, 4434, 4435, 4438, 4441, 4443, 4444, 4446, 4447, 4449, C. L.*

The right of appeal is not extended beyond cases in which the commissioners are required to allow or disallow. On the contrary, it is strictly confined to such cases.—§§ *4439, 4440, 4441, 4443, 4444, 4446, 4447, 4449, C. L.*

When we leave the provisions concerning absolute claims, and which are subject to adjudication, and pass to· the procedure in regard to claims remaining contingent, we notice at once a very natural distinction.

The language is no longer that the commissioners shall allow or disallow. Such action is felt to be utterly inappropriate. No power to adjudicate is given to the commissioners. They can neither allow nor disallow. The definition of the claim is express. It is one, in the language of the statute itself, "which cannot be proved as a debt before the commissioners, or allowed by them."—§ *4464.*

It may be presented with the proper proof, and in case it is, the commissioners are required, not to allow or disallow it, wholly or in part, but to state the presentation of the claim . and the proof relating to it, in their report to the probate court.—*Id.* The purpose to be subserved is pointed out. That tribunal, having the facts before it, may require the representatives to retain assets against the possi-

bility of their being needed upon the claim.—§ *4465*. But no hearing for allowance or disallowance is authorized until the claim comes up as absolute, and at that time a hearing is authorized and contemplated.

Whether allowance or disallowance shall take place, cannot be settled at any earlier hearing.

The utter inappropriateness of any action by commissioners by way of allowing or disallowing possibilities, or by way of allowing claims against an estate contingently, is very clearly explained by *Judge Ellsworth* in *Bacon v. Thorp, 27 Conn., 251.*

The statute is consistent. It confers no power on commissioners to make allowance or disallowance in such cases, and gives no right of appeal against such action. The statement of disallowance in the report was void upon its face, and as the matter was not appealable, the court below assumed authority without warrant.

The proceedings in the circuit court should be set aside, with costs, and the cause must be remanded to the probate court, to the end that such action may be there taken in regard to the claim as justice may require.

The other Justices concurred.