CHARLES SHURBUN v. ELIZABETH J. HOOPER, EXECUTRIX, ETC.

*Commissioners on decedents' estates.*

Commissioners on the estate of a deceased person act judicially in passing on claims, but are not a "court" in the constitutional

sense; and Comp. L., ch. 158, in authorizing their appointment, is not unconstitutional.

A "court" in the constitutional sense, is a permanent organization for the administration of justice, and not a special tribunal for a particular exigency.

The term "officer" in the constitution (Art. XVIII., § 1) applies to the occupant of an office that has some permanence, and is not created by a temporary nomination for a transient purpose.

The conclusion reached by commissioners on a decedent's estate, if within their power, and not appealed from, is final.

All claims for or against a decedent's estate must be passed upon by the commissioners on the estate, and cannot be withdrawn for adjudication elsewhere.

The objection that a claim against a decedent's estate is barred, should be raised before the commissioners on the estate or on appeal; it cannot properly be considered in an action.

Error to Wayne.  Submitted Jan. 31.  Decided April 9.

Assumpsit by the executrix and executor of the will of William H. Hooper, for an amount found by the commissioners on Hooper's estate to be due from Sherbun to the estate.  Defendant brings error.

*A. E. Hawes* and *Peter Roberts* for plaintiff in error.

*S. Titus Parsons* for defendant in error.

Marston, J.  The principal question raised in this case relates to the constitutionality of the statute which authorizes probate courts to appoint commissioners to pass upon claims against the estates of deceased persons.

It was argued that by the constitution all judicial power was exclusively given to the courts and persons named therein; that commissioners were not included, although the power given and exercised by them under the statute was clearly judicial.

That such commissioners act in a certain sense judicially in the allowance of claims, has been repeatedly recognized by this court.  *Fish v. Morse*, 8 Mich., 34; *Clark v. Davis*, 32 Mich., 157.

It does not necessarily follow, however, that the stat-

ute under which they act is in violation of the constitution. As was said in *Streeter v. Paton*, 7 Mich., 347, such legislation is older than our present constitution. The validity of such legislation and of the proceedings of such commissioners has been recognized and acted upon in very many cases, so that at this late day, it would require a clear showing to justify a construction which would be contrary to the long and well settled practice.

In the case last referred to it was said: "By courts, as the word is used in the constitution, we understand permanent organizations for the administration of justice, and not those special tribunals provided for by law, that are occasionally called into existence by particular exigencies, and that cease to exist with such exigencies."

The same distinction was noticed in *Underwood v. McDuffee*, 15 Mich., 366, where the term "officer," as used in Art. 18, § 1 of the constitution, was said to apply and refer to such offices as have some degree of permanence, and are not created by a temporary nomination for a single and transient purpose.

It is clear, under the construction given the constitution in these cases, that the statute in question is not open to objection. Commissioners are appointed to act in a given case, and not generally; their appointment is temporary—for a single and transient purpose—and when they have acted in a given case, their powers cease. The conclusion arrived at by them, where within their power, if not appealed from, will be final and conclusive; and all claims in favor of or against the estate must be presented to and passed upon by them, and cannot be withdrawn from their consideration, to be adjudicated upon elsewhere. *Green v. Probate Judge*, ante, p. 244.

If there was any objection, growing out of the statute of limitations, to the validity of the claims passed upon, it should have been raised before the commission-

ers or on appeal, and cannot properly be considered in this action.

The judgment must be affirmed with costs.

The other Justices concurred.