ALEXANDER T. CAMPAU v. SIDNEY D. MILLER.

*Claims against estate—Subrogation to rights of claimant.*

One who has been compelled to pay a certain sum on behalf of persons who, when it should be paid, would be entitled to indemnity therefor from an estate, is entitled to be subrogated to the latters' rights and may file his own claim, for the amount he has paid, directly, against the estate.

Commissioners on the estate of a deceased person cannot allow contingent claims; they can only receive and report the evidence relating thereto, and such claims are not definitely adjudicated until they are supposed to have become absolute.

Error to Wayne.    Submitted April 7.    Decided June 8.

APPEAL by Alex. T. Campau, an heir of Theo. J. Campau, from a probate order allowing a claim against the estate. Claimant had judgment. Appellant brings error. Reversed.

*Moore & Moore* for plaintiff in error.

*John H. Bissell* for defendant in error.

COOLEY, J. Miller, the defendant in error, had a contingent claim against the heirs of Matilda V. Chapaton, which became absolute in his favor in January, 1880, when he was compelled to pay on their behalf the sum of $1105.95. When they should pay this, the heirs claimed that the estate of Theodore J. Campau was bound to indemnify them; and in the preceding November they presented to the probate court a petition that their claim to indemnification be allowed as a contingent claim against the Campau estate: The probate court permitted the claim to be referred to commissioners,

who reported upon it as follows: "Amount of their contingent claim as per their petition to which we hereby refer, $700, and interest from October 4th, 1872." Whether the commissioners reported the evidence given in favor of the claim we are not informed.

This action of the commissioners appears to have been considered an allowance of the claim contingently, so that when the liability of the Chapaton heirs' became definitely fixed afterwards they were entitled on the basis of it to indemnity. Acting on this supposition Miller, instead of calling upon the Chapaton heirs to pay him what he had been compelled to pay in their interest, filed his claim directly against the Campau estate, asking that he be subrogated as against that estate to the rights of the Chapaton heirs, and that the sum he had paid be allowed to him. The circuit court on an appeal being taken to it, made the allowance, and the case comes before us on a writ of error.

The case is a very proper one for subrogation, inasmuch as it saves for the Campau estate the cost of one suit if its liability is finally established. But in respect to the proofs there are some errors in this case which render it impossible to sustain the order of the circuit court. In that court the liability of the Campau estate was not proved otherwise than by putting in evidence the action of the commissioners upon the contingent claim. Unless therefore that action was an allowance of the claim contingently, it has never been judicially determined that the Campau estate is liable at all.

It is manifest, we think, that the parties have overlooked the case of *Buchoz v. Pray* 36 Mich. 429, in which pains were taken to show that commissioners on the estates of deceased persons have no power to allow contingent claims. Their authority is limited to receiving and reporting the evidence; and the case then stands until the claim is supposed to have become absolute, when for the first time it may be definitely acted upon and adjudicated. It was therefore not sufficient for Miller to show that the Chapaton heirs had

become liable to him: he must go farther and put in such evidence as will make out their right to indemnity.

The order of the circuit court must be reversed with costs, and the case remanded for a new trial.

The other Justices concurred.