DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM

## January, 1892.*

---

DELOS I. JOHNSON, Administrator of JOHN JOHNSON, Deceased, Appellant, *v.* GEORGE P. JOHNSON and Another, Respondents.

*Action by an administrator to set aside a transfer made by his intestate — ancillary letters — decision in foreign State — not evidence as against the administrator, grantees or heirs-at-law of the intestate.*

In an action brought, under chapter 314 of the Laws of 1858, by an administrator to set aside as fraudulent, as against creditors, an alleged voluntary deed executed by his intestate to two of his children, it appeared that the intestate, a few months before his death, moved to Michigan, where, shortly before he died, he executed the deed in question; that the plaintiff became his administrator there, and that ancillary letters were issued to him in the State of New York; that, under the laws of Michigan, commissioners were appointed to determine the claims against the estate; that they did so and reported that the intestate was indebted, at the time of his death, in certain amounts stated; that their report became final, and, under the Michigan statute, had the effect of a judgment, and that the defendants in this action were parties to the proceeding in Michigan.

*Held,* that the report was not evidence in this State of the indebtedness of the intestate.

That an administrator, appointed in Michigan, to whom ancillary letters were issued in this State, was, as ancillary administrator, a stranger to the Michigan report, as were also the grantees of the real estate.

That such an administrator had power only over assets in the State where he was appointed.

---

* The other cases of this term which have been reported will be found in the previous volume (62 Hun).

That a judgment, rendered in the courts of this State against an administrator appointed here, would not, in such an action to set aside a conveyance as fraudulent, be evidence against the grantees or heirs-at-law of the intestate.

APPEAL by the plaintiff Delos I. Johnson, as administrator of John Johnson, deceased, from a judgment of the Supreme Court, entered, upon the report of a referee, in the office of the clerk of the county of Erie on the 28th day of April, 1890, dismissing the complaint, with costs.

This appeal was before this court at a prior term, and the judgment appealed from was affirmed. A reargument was ordered upon the application of the appellant.

*George L. Kingston,* for the appellant.

*William H. Clark,* for the respondents.

LEWIS, J. :

This action was brought in the Supreme Court, Erie county, against the defendants, under chapter 314 of the Laws of 1858, by the plaintiff, as administrator of the estate of John Johnson, deceased, for himself as administrator, and on behalf of the creditors of Johnson, to set aside a deed of real estate in Erie county, given by Johnson, deceased, to the defendants in consideration of love and affection only, and rendering himself thereby insolvent. The case was tried before a referee and judgment was rendered dismissing the plaintiff's complaint, and from that judgment this appeal was taken.

The deceased, John Johnson, was formerly a resident of Erie county, in this State. He owned the premises described in the complaint, situated in Erie county; he also owned a small amount of personal property in the county of Erie, worth less than two hundred dollars. A few months prior to his death he removed to the county of Genesee, in the State of Michigan, where his four sons and one daughter then lived. He died there intestate on the 1st day of October, 1887, leaving him surviving his five children, two of whom are the defendants in this action. A day or two before his death he conveyed to the defendants the farm in Erie county of the value of about two thousand dollars. He had at the time of his death only some trifling articles of personal property in the State of Michigan of the value of twenty-two dollars.

On the 7th of November, 1887, letters of administration were duly issued and granted to the plaintiff by the Probate Court of Genesee county, in the State of Michigan, appointing him administrator of the goods, chattels, etc., of said deceased within the State of Michigan. Thereafter, and on January 31, 1888, ancillary letters of administration of the estate of Johnson were granted to plaintiff by the surrogate of Erie county.

On the 7th of November, 1887, the probate judge of Genesee county, in the State of Michigan, nominated and appointed three commissioners, with full power and authority to receive, examine and adjust all claims and demands of all persons against the estate of Johnson. In due time the defendants, Devillo M. Johnson and George P. Johnson, with Homer L. Johnson and Evaline J. Pierce, respectively, presented claims against the estate of their father to said commissioners. The commissioners duly examined into the claims and determined that the deceased was indebted, at the time of his death, in the sum of $300 to the defendant Devillo M. Johnson; twenty-five dollars to the defendant George P. Johnson; $192 to Homer L. Johnson, and $125 to his daughter, Evaline J. Pierce; and they made and filed a report of their doings with the Probate Court as above stated.

No appeal was taken from the report, and their decision, under the Michigan statutes, became final. Thereafter, and on or about the 1st of November, 1888, this action was commenced by the plaintiff, and upon the trial thereof before the referee plaintiff offered in evidence an exemplified copy of the records of the said proceedings in the State of Michigan for the purpose of establishing that the deceased was indebted as stated in the commissioners' report at the time of his decease.

No other evidence of indebtedness was given; the referee held that the record was not evidence of indebtedness of the deceased here, and that the plaintiff had failed to make a case, and dismissed the complaint.

The question presented by this appeal is, whether, as against these defendants, the record was evidence that the deceased was indebted as reported by the commissioners at the time he executed the conveyance.

The statutes of Michigan provide for the appointment of commissioners in such cases, and authorize them to receive and allow

claims against estates; their decision, when filed in the office of the Probate Court, if not appealed from within six months, becomes final and forms the basis upon which the probate judge makes distribution of the assets of the estate.

The statute makes no provision for any confirmation of the commissioner's report by the Probate Court. The commissioners act judicially in the allowance of claims, and, as between the parties to the controversy, and as to the payment of the claims out of the estate in the control of the Probate Court, the decision has the effect of a judgment in that State. It cannot be collaterally impeached by the parties thereto. (*Shurbun* v. *Hooper*, 40 Mich., 503.)

The proceeding in the State of Michigan was for the purpose of reaching and distributing the assets of the deceased in that State; when that was accomplished it was no longer effectual for any purpose.

The judgment or decree was against the plaintiff in his representative capacity. Had it been a judgment rendered in this State against an administrator appointed here, it would not be evidence against the grantees in an action to set aside a conveyance as fraudulent, brought by such judgment-creditors. (*Sharpe* v. *Freeman*, 45 N. Y., 802.)

The Revised Statutes of New York give no competency to judgments against executors and administrators as evidence against heirs-at-law or grantees; such judgments remain a debt to the same extent as before they were recovered, to be established as if judgment had not been obtained.

The heir-at-law may still contest the validity and legality of the debt; such a judgment does not bind the real estate of the deceased. (*Sharpe* v. *Freeman, supra.*)

The record could not be used as evidence in behalf of the creditors against the administrator in this State. The judgment was against the plaintiff in his administrative capacity only; his representation of the estate was a qualified one; it did not extend beyond the assets of which the court in that State had jurisdiction. (*Johnson* v. *Powers*, 139 U. S., 156; *Halsted* v. *Buster*, 140 id., 273.) While the plaintiff represented the estate in Michigan, and also in New York, he was simply a representative in each State; he had no personal interest in the assets; and if in a proceeding against him in this State in his representative capacity, the record would not be,

as we have seen, evidence against him, it could not be used in his behalf.

The administrator of the estate in New York is a stranger to the Michigan judgment, as are also the grantees of the realty here. In the case of *Taylor* v. *Barron* (35 N. H., 484), in a well considered opinion, Judge BELL holds and cites a number of authorities in our courts, as well as in the courts of England, to sustain his conclusion, that an administrator appointed in one State has no power over the property of the intestate in another State; that he cannot be sued elsewhere on a judgment against him rendered in the State where he was appointed. That, upon the principles of the common law, a judgment rendered in one State, for or against an administrator there appointed, is *res inter alios* as to an administrator appointed in another government and as to the assets under his control there.

There may be several representatives of the same deceased person — the administrator or executor, as to the personal estate, and the heirs as to the real estate; but the administrator cannot bind the heirs by his acts, *in pais* or in court, as to the indebtedness of the estate. An admission by the heir does not bind the administrator, nor the reverse, and a judgment in favor or against either "is not evidence for or against the other." The fact that the defendants were parties to the proceedings in Michigan does not make the judgment admissible evidence against them here. The administrator represented the estate, subject to the administrative laws of that State. He also represented the creditors and legatees in respect to the estate in Michigan, but he is in no way bound by the determination there, in respect to the others, regarding the estate here.

It is true that the defendants presented their claims to the Michigan tribunal, and they were allowed; but that proceeding was for the purpose simply of distributing the assets in that State.

The administrator in his action here does not represent the defendants, for their interests are hostile to his action here. The decision in *Johnson* v. *Powers* (139 U. S., 156), is an authority upon the doctrine stated there, and applies to this case and warrants the holding that the judgment in Michigan is not admissible evidence here, although offered by the administrator himself, in such an action as this. It is not evidence against these grantees.

If, as we have seen, the Michigan record was not evidence of indebtedness of the deceased, the plaintiff failed to show that at the time the conveyance was made the deceased owed debts; he, therefore, failed to make a case and his complaint was properly dismissed.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment appealed from affirmed on reargument, with costs.