OSMUN v. OAKLAND CIRCUIT JUDGE.

ESTATES OF DECEDENTS—CONTINGENT CLAIM—NOTE SECURED BY
MORTGAGE.
    A note payable absolutely, secured by ' real-estate mortgage,
    is not, as between the holder and the estate of the maker, a
    contingent claim, within 3 How. Stat. § 5932, providing that
    "if any person shall be liable as security for the deceased, or
    have any other contingent claim against his estate, which can-
    not be proved as a debt before the commissioners, or allowed
    by them, the same may be presented, with the proper proof,
    to the probate court or to the commissioners, who shall state
    the same in their report."

*Mandamus* by William H. Osmun, Sr., to compel Joseph
B. Moore, circuit judge of Oakland county, to set aside
certain action by commissioners on claims, and to dismiss
an appeal taken therefrom.   Submitted October 22, 1895.
Denied November 5, 1895.

*Newton & Gold* and *Junius Ten Eyck,* for relator.

*Charles F. Collier (Clarence Tinker,* of counsel), for
respondent.

MONTGOMERY, J.   Commissioners on claims were
appointed in the estate of Reuben Green, deceased, by the

probate court of Oakland county. Relator, who held a note executed by the deceased, which was secured by a real-estate mortgage, filed a claim before the commissioners, in which he stated that he presented the claim for allowance as a contingent claim. The commissioners allowed the claim at $4,638.50. Relator claimed that this was little more than half the amount actually due him, and took an appeal to the circuit court. Subsequently he moved the court to set aside the appeal and the order of the commissioners making the allowance, and to dismiss the case without prejudice, on the ground that the claim is a contingent claim under the statute; and it is said, and properly, that if the claim is a contingent claim within the meaning of the statute, the sole duty of the commissioners was to take the proofs, and report them to the probate court. *Buchoz* v. *Pray*, 36 Mich. 430; *Campau* v. *Miller*, 46 Mich. 148.

Assuming, therefore, that the relator has not by his appeal waived his right to make the contention, the sole question is whether a note, payable absolutely, secured by a real-estate mortgage, is, as between the *holder* and *the estate of the maker*, a contingent claim. Section 5932, 3 How. Stat., reads: "If any person shall be liable as security for the deceased, or have any other contingent claim against his estate, which cannot be proved as a debt before the commissioners, or allowed by them, the same may be presented, with the proper proof," etc. This statute was referred to in *Clark* v. *Davis*, 32 Mich. 154, and it was indicated that, as between the mortgagee and the deceased, the mortgagee had the right to prove his claim as a debt against the estate.

We think that it is clear from the language of the statute that it was not intended to class as a contingent claim such a demand as the relator presents. His claim depends upon no contingency whatever. The right to present such a claim as his was also recognized in *Larzelere* v. *Starkweather*, 38 Mich. 96, in which case it was held that the presentation of the claim before the commissioners did

not prevent the mortgagee from securing his claim by foreclosure.

The writ will be denied, with costs.

The other Justices concurred.