FINLEY v. DUBAY.

ESTATES OF DECEDENTS—COMMISSIONERS REPORT—RES JUDICATA
—MORTGAGE FORECLOSURE—EVIDENCE.

The report of the commissioners on claims against an estate
showed that a certain mortgage note was presented and dis-
allowed. No appeal was taken from this report. Foreclosure
proceedings were subsequently instituted. Complainant's
solicitor testified that the claim was never passed upon by
the commissioners, but was withdrawn by him from their
consideration. The commissioners testified that the claim
was presented and disallowed, giving the reasons for their
action, and were corroborated by other witnesses. *Held,*
that the defense that the matter was *res judicata* was fairly
established.

Appeal from Wayne; Adams, J., presiding. Submitted
November 19, 1896. Decided April 27, 1897.

Bill by George Finley against Henry D. Dubay and
others, administrators of the estate of William Watson,
deceased, to foreclose a mortgage. From a decree for
complainant, defendants appeal. Reversed.

*George X. M. Collier*, for complainant.

*Jasper C. Gates*, for defendants.

LONG, C. J. The bill in this case is filed to foreclose a
mortgage made by William Watson to Thomas W. Cor-
by, March 31, 1879. Mr. Watson purchased the land
covered by this mortgage, paying $350 towards the pur-
chase price, and giving the mortgage in controversy upon
the land to secure the payment of $600, the balance due.
Four months after giving the mortgage, and on July 28,
1879, Watson died, leaving five children and a widow,
Caroline Watson, who married the complainant on the
3d day of April, 1880. Complainant, with his wife, took

possession of the property, both real and personal, left by
William Watson at his death. The mortgage above
referred to was assigned August 2, 1879, by the mort-
gagee to Mary E. Barnard, of the State of Vermont, and
on March 30, 1883, assigned by her to Caroline Finley,
who on June 23, 1888, assigned it to her husband, the
complainant, who now claims to be the owner, and is
seeking the foreclosure.

After William Watson died, no proceedings were had
in the probate court relating to his estate until February
26, 1887, when his daughter, Mary M. Dubay, filed a
petition in the probate court for the appointment of an
administrator, and on March 26, 1887, David Trombly was
appointed, and an inventory was then attempted to be made
of the estate left by the deceased. That inventory shows
that there were 14 acres of land valued at $1,400; 13 acres
valued at $2,500; horses, cattle, and other live stock
valued at $316; wagons and harnesses, $60; farming im-
plements, $46.50; wood, $310.50; corn, oats, hay, and
straw, $224; potatoes and beans, $44. The administrator
says of this inventory, in a certificate annexed thereto:

"The above items of personal property are from the
valuations given me by Mrs. Caroline Finley, widow of
said William Watson, and are the amounts admitted to
have been received by said widow after the payments of
all expenses of harvesting and marketing said property;
all of said property having been converted by said widow,
and none of it having come into my hands."

It is claimed by the defendants that, at the time the
mortgage was assigned by Mary E. Barnard to Caroline
Finley, the same was paid out of personal property left by
William Watson at his death. The defendants set up, as
another defense, that on the 28th day of May, 1887, the
probate court for Wayne county appointed Richard
Lamb and Christopher Damitio commissioners on claims
in the estate of William Watson, deceased; that the com-
missioners had meetings as prescribed by law, the last
being in November, 1887, and Caroline Finley and George

Finley presented large bills against said estate, and endeavored to procure the allowance of the same by testimony introduced at that time; that the mortgage in controversy here, with the accompanying note, was one of the items which the parties sought to have the commissioners allow; that the items passed upon by the commissioners appear in their report, which was filed in the probate court on February 14, 1888. The defendants also insist that whatever claims were presented were disallowed by the commissioners upon the ground that the money had come from the sale of property belonging to the estate of William Watson, except only two small items for doctor's and undertaker's bills, which were allowed, and that this note and mortgage were disallowed upon the ground that they had been paid out of said estate.

The principal argument made in this court by defendants' counsel is upon the last claim set forth; and it is contended that the commissioners on claims acted judicially in denying this claimed mortgage and note, and that the order made by the commissioners, not being appealed from, is *res adjudicata.* Upon the other hand, it is contended by counsel for the complainant that the note and mortgage were never paid out of the estate of William Watson, deceased, and that they were never presented to the commissioners for the purpose of allowance as a claim against the decedent's estate, and were never passed upon by the commissioners, and that, if they were ever presented, they were withdrawn from the commissioners' consideration, and not passed upon. The testimony was taken in open court, and a decree entered finding that the note and mortgage had never been paid, and awarding foreclosure. On the hearing the defendants called the two commissioners on claims, and they both testified that the note given with this mortgage was presented by Caroline Finley to them for allowance; that they heard testimony upon it, and disallowed it,—one of the commissioners stating that it was disallowed because Mrs. Finley testified that she had bought it with personal property

belonging to Mr. Watson, her deceased husband. Other witnesses testified that the note was presented to the commissioners for allowance. It also appears from the commissioners' report, which is dated November 30, 1887, that a note was presented for allowance, given by William Watson to William Corby, March 31, 1879, for $600, and that this note was disallowed. This report was filed in the probate court February 14, 1888. There is no controversy about the identity of this note. It was the note accompanying the mortgage here in suit. It also appears that this note and mortgage were at that time standing in the name of Caroline Finley, as her assignment to her husband was not made until June 23d following. It is true that the counsel for complainant testified that the note was withdrawn from the consideration of the commissioners, if ever presented to them for allowance. But, after a careful examination of the record, we are satisfied that the preponderance of the evidence is in favor of the defendants' position. The record made by the commissioners is very strong evidence that the claim was presented and disallowed, and, with the other evidence offered by the defendants, is convincing that the note was presented to, and disallowed by, the commissioners. The commissioners were acting in a judicial capacity. They had jurisdiction of the parties and the subject-matter in controversy. Their decision was not appealed from, and is final. *Shurbun* v. *Hooper*, 40 Mich. 503; *Green* v. *McCutcheon*, Id. 244; *Byrne* v. *Hume*, 86 Mich. 546.

It follows that the decree of the court below must be reversed, the bill dismissed, and a decree entered here directing the discharge of the mortgage, with costs of both courts in favor of defendants.

The other Justices concurred.