## CROSBY v. MONTCALM CIRCUIT JUDGE.

1. ESTATES OF DECEDENTS—CONTINGENT CLAIM—APPEAL.

A statement of claim filed in October, 1892, with the commissioners in a decedent's estate showed that it was subject to be reduced by the application of the proceeds of a certain contract bearing date November, 1891. In December, 1892, the commissioners reported the claim as disallowed. There was nothing to indicate that the contract had not then been performed, so that the proceeds could be credited. Claimant appealed from the disallowance. *Held*, that an order dismissing the appeal on the ground that the claim was a contingent one, and therefore not subject to appeal, was erroneous.

2. SAME—REPORT OF COMMISSIONERS — CONTRADICTION BY AFFIDAVITS—DISMISSAL OF APPEAL—LIMITATIONS.

Where an estate has caused its appearance to be entered in the circuit court upon an appeal taken by one whose claim was reported by the commissioners as disallowed, it will not be permitted, after sufficient time has elapsed for the statute of limitations to run against the claim, to have the appeal dismissed on a showing by affidavit of the commissioners that they never actually passed upon the claim.

*Mandamus* by James S. Crosby to compel Frank D. M. Davis, circuit judge of Montcalm county, to vacate an order dismissing an appeal. Submitted October 2, 1900. Writ granted October 31, 1900.

*N. O. Griswold*, for relator.

*Charles L. Rarden* and *Edward J. Bowman*, for respondent.

MOORE, J. The relator claims that the estate of Nathaniel Slaght is indebted to him in the sum of upwards of $73,000. After Nathaniel Slaght died, commissioners on claims were appointed. On the 18th of October, 1892, the relator presented a claim against said estate to said

commissioners, charging said estate with upwards of $130-000, and crediting it with upwards of $60,000, leaving a balance due claimant, according to the statement, of upwards of $70,000.   Below the statement of this balance were the following words:

"The entire proceeds (except the amount paid to Canfield to complete title, if any) of the property turned over to A. McPherson, trustee, as per contract of Nov. 1, 1891, is to be applied on above indebtedness."

This statement was sworn to by Mr. Crosby.

On December 20, 1892, the commissioners made a report to the probate court of the claims allowed and disallowed by them.   Among the claims reported as disallowed is the claim of Mr. Crosby.   Mr. Crosby took an appeal in regular form and in time from the action of the commissioners.   His appearance was entered in the circuit court by his attorney, and an appearance on the part of the estate was also entered by an attorney, and the case was continued over the term several times.   A stipulation between the attorneys in relation to the pleadings was filed. In October, 1898, a motion was made to dismiss the appeal, among other reasons, because the claim had never been passed upon by the commissioners on claims; and, second, because it was a contingent claim, and therefore an appeal from the action of the commissioners would not lie.   The motion was based upon the affidavit of the two commissioners, who state in their affidavit, among other things, that no proofs were offered in support of the claim, and that they understood it was withdrawn.   They further say that upon making their report as such commissioners, not knowing what else to do with the claim, they reported it as disallowed by them.   The affidavit of C. C. Ellsworth, the attorney of Mr. Crosby, was filed in opposition to said motion.   He stated, among other things, that Mr. Crosby presented a sworn statement of his claim against said estate, that no one appeared in opposition to it, that nothing was said about abandoning the claim, and that said commissioners did not indicate that they should

disallow the claim. In April, 1899, the circuit judge dismissed the appeal for the reasons: *First*, because it was not passed upon by the commissioners; and, *second*, because it was a contingent claim.

It is said the claim upon its face shows it to be a contingent claim, and therefore not subject to an appeal; citing 3 Comp. Laws 1897, § 9411 *et seq.; Buchoz* v. *Pray*, 36 Mich. 429; *Campau* v. *Miller*, 46 Mich. 148 (9 N. W. 140); *Osmun* v. *Oakland Circuit Judge*, 107 Mich. 27 (64 N. W. 949).

There can be no doubt but that commissioners are not authorized to pass upon contingent claims, but must content themselves with reporting the facts to the court. The commissioners did not return any proofs to the court, but did report the claim as disallowed. A fair construction of the statement filed, we think, is that the relator had a claim of upwards of $130,000 against said estate, which had been reduced upwards of $60,000 by credits, and that it might be further reduced by an application of the proceeds of the property turned over to Mr. McPherson as per contract of November 1, 1891. It will be seen that more than a year elapsed after the date of this contract before the report of the commissioners was filed, and there is nothing to indicate but that it had been performed, and that an application of the proceeds of the contract could then be credited upon the claim, and a final disposition made of it. We do not think it can be said this was a contingent claim in the sense that the commissioners might not pass upon it. See *Osmun* v. *Oakland Circuit Judge*, 107 Mich. 27 (64 N. W. 949).

The commissioners reported the claim as disallowed. An appeal was taken to the circuit court. Both parties entered their appearance in the case. For proper reasons the case was continued from term to term for nearly six years, when the case is dismissed, and the claimant is turned out of court, upon the oral statement of the commissioners that their report to the probate court is untrue. The statute of limitations has doubtless run, and, if the

claimant ever had a valid claim, he has lost it because he relied upon the report of the commissioners as being true, and took the appeal at the time and in the manner provided by statute. We do not think this order of dismissal should stand. See *Shurbun* v. *Hooper*, 40 Mich. 503; *Green* v. *McCutcheon*, Id. 244; *Finley* v. *Dubay*, 112 Mich. 334 (70 N. W. 885).

The writ of *mandamus* will issue directing the circuit judge to vacate the order dismissing the appeal and to reinstate the case.

The other Justices concurred.