RANKIN v. HEROD.

(Circuit Court, S. D. New York. July 6, 1905.)

1. DESCENT AND DISTRIBUTION—ACTION AGAINST HEIR FOR DEBT OF ESTATE—FAILURE TO PROVE CLAIM.

Comp. Laws Mich. 1897, § 9411 et seq., provide that any person having a contingent claim against the estate of a decedent, "which cannot be proved as a debt before the commissioners or allowed by them," may present the same to the commissioners or the probate court, and that the court, if satisfied by the proofs of its justness, may order sufficient funds of the estate to be retained, and, if the claim shall become absolute within two years, may allow and direct its payment. Section 9380 provides that, if a person who has a claim "proper to be allowed by the commissioners" shall omit to present the same within the time limited by the court, he shall be forever barred of an action thereon. Held, under the construction placed on such statutes by the state courts, that the limitation does not apply to contingent claims, which the commissioners have no power to allow, but that the presentation of such a claim is optional, and the failure to present it does not bar an action thereon against an heir or distributee; nor does such limitation become applicable because of the fact that a claim became absolute within the two years, and became thereupon provable under another statutory provision, where prior to that time the estate had been closed and the administrator discharged, and the probate court had thus lost jurisdiction.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution, § 498.]

2. COURTS—UNITED STATES COURTS—JURISDICTION—SUIT BY RECEIVER OF NATIONAL BANK.

A Circuit Court of the United States has jurisdiction of a suit in equity by a receiver of a national bank to recover an assessment levied against a stockholder where the matter in dispute exceeds $500, by virtue of Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], such jurisdiction being preserved by Act March 3, 1887, c. 373, § 4, 24 Stat. 554 [U. S. Comp. St. 1901, p. 514], with respect to suits brought by direction of any officer of the United States.

In Equity. On final hearing.
See 130 Fed. 390.

Hughes, Rounds & Schurman and Taggart, Denison & Wilson (William Alden Smith, of counsel), for complainant.

Charles H. Sherrill, Percy W. Crane, and Herod & Herod (Shaw, Warren, Cady & Oakes, of counsel), for defendant.

HAZEL, District Judge. This is an action in equity under sections 5151 and 5234 of the Revised Statutes of the United States [U. S.

Comp. St. 1901, pp. 3465, 3507], to enforce the payment of an assessment levied by the comptroller of the currency on shares of the capital stock of the Northern National Bank of Big Rapids, Mich., incorporated under the national banking laws of the United States. The bank suspended payment on July 7, 1893, and has not since resumed its business. At the time of the suspension, Annette V. Atchison, a resident and citizen of the state of Michigan, since deceased, owned 48⅔ shares of the stock of said bank, and previous to her death had paid an assessment levied thereon by the comptroller of the currency amounting to 60 per cent. of its par value. She died intestate on May 18, 1900. The defendant, her sole heir at law, is proceeded against to collect the second assessment of 40 per cent., levied on said stock on December 16, 1901. An administrator of the estate of Mrs. Atchison and commissioners to adjust claims against the same were duly appointed by the probate court under the statute laws of the state of Michigan, who duly qualified and entered upon the discharge of their duties. The account of the administrator was duly allowed by the probate court on March 26, 1901, the estate judicially settled, and an order or decree entered directing such administrator to deliver the estate of the decedent to the defendant. The proceedings for such settlement were taken in accordance with the probate statutes of Michigan, and the construction of such laws by the decisions of the courts of that state are concededly controlling here. Security Trust Co. v. Black River National Bank, 187 U. S. 211, 23 Sup. Ct. 52, 47 L. Ed. 147. Neither a claim for an indebtedness nor for a contingent liability against the estate was presented by the receiver in behalf of the insolvent bank to the commissioners or to the probate court. The principal defenses are that the claim of the receiver is barred by the probate statutes and lack of jurisdiction.

To completely understand the questions in controversy, a brief statement of the material provisions of the statutes relating to the presentation of claims is necessary. The statutes, found in the Compiled Laws of Michigan for 1897, provide for the appointment of probate commissioners to examine and adjust all claims presented against estates of deceased persons, which must be presented within the time limited by the statutes and within the period fixed by the commissioners. By section 9380 it is substantially provided that, if a person who has a claim proper to be allowed by the commissioners against the estate omits to present it within the period limited, he shall be forever barred from legally recovering the same. By section 9411 it is, in terms, provided that contingent claims, which cannot be proved as a debt or allowed by the commissioners, may be presented to the probate court with the proofs, or, in the alternative, to the commissioners, who are required to make report of such contingent claim to the probate court. It is further provided that, upon the presentation of the report of the commissioners or the proofs exhibited in relation to a contingent claim, the court, if satisfied of the justness thereof, may direct the retention by the executor or administrator from the assets of sufficient property to pay such claim. Provision is made for the allowance and payment of

contingent claims that have become absolute, and such as have been presented to the probate court and proven at any time within one year after they become absolute, and, if established, shall be paid in full or proportionately, as the assets of the decedent may warrant. The contention is, on the one hand, that, as the second assessment was made subsequent to the closing of the estate and the discharge of the administrator, the limiting provisions of the statute by which claims may be presented to the commissioners are wholly inapplicable. On the other hand, the defendant contends that the receiver is estopped from now asserting the claim or demand; that such claim as a contingent liability was allowable under the probate laws, and, not having been proven in accordance therewith, is a bar to recovery.

Was the receiver obliged to present a claim like that in controversy to the commissioners or to the probate court, under section 9415, and, omitting to do so, is the claim barred? This question appears to be definitely settled in the negative by the decisions of the Supreme Court of the state of Michigan in Buchoz v. Pray, 36 Mich. 429; Campau v. Miller, 46 Mich. 148, 9 N. W. 140; Allen v. Conklin, 112 Mich. 74, 70 N. W. 339; and in Rankin, Receiver, v. City of Big Rapids, 133 Fed. 670, 66 C. C. A. 568. In the Michigan cases it was substantially held that the duties of commissioners are merely ministerial, and no power vests in them to adjudicate upon contingent claims. Judge Cooley, in construing the power of commissioners in connection with section 9411, relating to claims that cannot be proved as a debt by the commissioners, states in Campau v. Miller, supra:

"Their authority is limited to receiving and reporting the evidence, and the case then stands until the claim is supposed to become absolute, when for the first time it may be definitely acted upon and adjudicated."

The decisions apparently make a distinction between claims general, or such as may be allowed by the commissioners, and contingent liabilities. The language of section 9380 simply empowers commissioners to act upon claims, while the provisions of section 9411, relating to contingent claims, is permissive, and authorizes the commissioners to take proof in relation thereto, and make report thereof to the probate court. As has been stated, claims which are proper to be allowed by the commissioners are barred if not presented, but this restrictive limitation is not thought to apply to contingent claims. The following cases (McKeen v. Waldron, 25 Minn. 466, Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, and Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072), though adjudications of another state, were under similar statutes, and are, therefore, authoritative of the proposition that the omission to file a contingent claim does not operate as a bar.

Upon this point the defendant contends that the contingent liability in question came into existence immediately upon the suspension of the bank and during the lifetime of the intestate, and accordingly the indebtedness became absolute by the assessment .in question within the period of two years limited for presenting claims by creditors. It is urged that, in accordance with the statute, the

claim could have been presented to the commissioners, and approved and allowed by the court. As the assessment, however, was levied after the residue of the estate was distributed to the defendant as the personal representative of the decedent, and the final account of the administrator settled and allowed, and that officer discharged, it is difficult to conceive of any power or jurisdiction in the probate court to make any further binding decree. Schmidt v. Stark, 61 Minn. 91, 63 N. W. 255; Security Trust Co. v. Black River National Bank, supra.

In Rankin v. City of Big Rapids, supra, the precise questions here submitted for decision were before the court and determined adversely to the defendant. In construing the probate enactments and the conditions regarding presentation of claims, which are set out in full in the opinion, the learned court said:

"It is a condition required by these sections that the estate shall not have been closed, for the claim must be presented while the probate court still has jurisdiction, and there must be an executor or administrator in office. As already pointed out, these conditions did not here exist, and the claim could not have been established while the estate remained open. There is no other prescribed method than those already exhibited for satisfying such claims. From all this, it is manifest that no provision is made which would comprehend a claim which, like this, should not become absolute until after the jurisdiction of the probate court over the estate had ceased, and the question comes to this: Did the Legislature intend by this scheme for settling estates of deceased persons to cut off and leave unsatisfied all claims which were founded on the obligations of the deceased, but which should not become absolute during the administration by the probate court?"

The opinion squarely holds that only claims which are absolute, and so capable of being established, are barred by express declaration, and that no such declaration is found in the statute regarding claims of the character considered here. This construction of the probate laws of the state of Michigan is fully warranted, and is adopted by this court.

In Rankin, Receiver, v. City of Big Rapids, supra, the action was instituted to recover upon the same assessment as in controversy here. The stock was owned by Mrs. Phelps, upon whose death in the state of Michigan commissioners to adjust claims were appointed, in accordance with the statutory provisions to which attention has been directed. Subsequently the accounts of the executor were regularly allowed and the estate distributed to the distributees without the receiver having presented a claim. After the discharge of the executor, his accounts having been finally settled, an action was brought against a legatee to recover the assessment. The facts show that the claim of the receiver could not have been presented to the commissioner or to the probate court within two years, and hence the defendant in this suit attempts to distinguish that case on the ground that here an absolute claim could have been presented within the period mentioned. This contention, however, is without merit, as the claim did not accrue until after the court had lost its jurisdiction, and, moreover, the statute explicitly states that contingent claims "may be presented," with the proper proof, to the probate court or to the commissioners, who shall make mention thereof in their report. The liberal language employed would seem to give the

creditor having a claim which has not become absolute, and which the commissioners cannot allow, the privilege of proving such claim or demand, to the end that the executor or administrator may withhold, before settlement of his or their accounts, a sufficient sum to pay the same. An interpretation of the provisions of the probate statutes, as contended by the defendant, is plainly opposed to the decision.

Judge Severance, after exhaustively reviewing the authorities bearing upon the question, states in the Rankin Case, supra:

"We think the case of Allen v. Conklin, 112 Mich. 74, 70 N. W. 339, must be regarded as refuting the contention that the probate laws afford the only remedy a creditor may have in Michigan for the recovery of a claim against the estate of a deceased person, and as establishing the proposition that, when these laws do not avail to protect the equities arising from the special circumstances, its equity courts will give relief by applying the principles and remedies peculiar to that jurisdiction."

Authorities abound in support of this principle. Chewett v. Moran (C. C.) 17 Fed. 820; Payson v. Hadduck, 8 Biss. 203, Fed. Cas. No. 10,862; Mann v. Everts, 64 Wis. 372, 25 N. W. 209; Bullard v. Moor, 158 Mass. 418, 33 N. E. 928.

In McKeen v. Waldron, supra, the court, construing a similar probate statute, said:

"But these sections do not provide for payment of a contingent claim in course of administration, unless it becomes absolute before the end of the two years specified, nor for delaying full administration, except to anticipate the becoming absolute within the time of contingent liabilities reported by the commissioners. They are to secure the holder of the claim for a limited time only, and, upon a contingent event, participation with the other creditors in the application of assets coming to the hands of the executor or administrator. But there is no attempt to compel the holders of such claims to avail themselves of this security, as there is to compel holders of absolute claims to present them for adjustment and settlement. The statute is not imperative upon such holders to present their contingent claims to the commissioners. If they wish to arrest assets in the hands of the executor or administrator, to meet their claims in case they become absolute within the time specified, they can do so only by presenting them, with the proof, to the commissioners, for them to report to the probate court. It is optional with them to do that or not, and a failure to do it does not work a bar of their claims."

The language quoted is not inappropriate to the case at bar.

The first point urged by the defendant is that the court is without jurisdiction, because the amount involved is less than $2,000, exclusive of interest and costs. This objection was raised in the first instance by demurrer. The demurrer was heard by Judge Holt, who decided that:

"By the original national bank act and the Revised Statutes, a receiver of a national bank has, and has always had, authority to sue in an action at common law in the United States Circuit Court, without regard to the amount involved, on the ground that he is an officer of the United States."

And it was further held that this authority extended to suits in equity, where in a suit brought by a receiver of a national bank more than $500 is involved. I fully agree with Judge Holt's construction of the Act of March 3, 1887, by which the Circuit Court has jurisdiction of actions of this character.

It is deemed unnecessary to more fully examine the questions presented at the hearing and in the briefs. My conclusion is that a court of equity has jurisdiction of actions such as this, and that by the statutes of the state of Michigan the claim is not barred. A decree may therefore be entered, with costs, in accordance with the relief demanded in the bill.