FLYNN v. LORIMER'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS—ALLOWANCE—JUR-
   ISDICTION OF COMMISSIONERS.
   Under section 9378, 3 Comp. Laws, a debt secured by real-estate
   mortgage is an absolute claim which commissioners on claims
   have power to try and decide.

2. SAME—NATURE OF DECISION—CONCLUSIVENESS.
   The decision of commissioners on claims against the estate of a
   deceased person, in a claim of which they have jurisdiction, is
   a judicial act which, being unappealed from, is final.

Error to Wayne; Mandell, J. Submitted October 10,
1905. (Docket No. 23.) Decided November 21, 1905.

Petition to the probate court by William H. Flynn
against John E. Moloney, administrator of the estate of
Thomas Lorimer, deceased, for an order for the payment
of a claim allowed by the commissioners. The petition
was granted and defendant appealed to the circuit court.
There was judgment for claimant on a verdict directed by
the court, and defendant brings error. Affirmed.

*John E. Moloney*, for appellant.
*Orla B. Taylor*, for appellee.

MOORE, C. J. Thomas Lorimer died August 10, 1895.
Ralph Phelps, Jr., was appointed administrator of his es-
tate, and acted as such until July 7, 1899, when he re-
signed, and was succeeded by John E. Moloney, who is
still acting as administrator. On October 22, 1895,
Charles H. Fisk and George B. Yerkes were appointed
commissioners on claims. They qualified, gave regular
notice of the hearing of claims, and on April 27, 1896,
filed their report. The material portion is as follows:

"And we do further report that, in pursuance of said
notice, we met, received, examined, and adjusted all

claims presented to us against said deceased, and also the claims filed on behalf of said estate in offset thereto, as hereinafter set forth opposite the names of the respective claimants; that is to say: The first column contains the names of the several claimants or creditors of said estate and character of each claim. The second column shows the amount of such claim. The third column shows the amount, if any, of the claim which was disallowed. The fourth column shows the amount, if any, of the offset filed on behalf of said estate against such claim. The fifth column shows the amount of the final balance allowed in favor of such creditor."

| Names of Claimants or Creditors and Character of Claims. | Amount Claimed. | Amount of Final Balance in favor of Creditor. |
|---|---|---|
| Charles M. White, real estate mortgage and interest contingent | $2,217 11 | $2,217 11 |

On January 31, 1902, Charles M. White assigned this claim to William H. Flynn, the present claimant. The assignment being deemed insufficient in form, a further assignment was executed January 30, 1904. The claim not being paid, on February 5, 1904, claimant filed a petition in the probate court for the county of Wayne, asking for an order requiring the administrator to pay the claim. The administrator filed an answer to this petition. On February 10, 1904, the probate court made an order in accordance with the prayer of the petition. The administrator appealed from said order to the Wayne circuit court. The appeal was heard on December 15, 1904. The judge directed a verdict in favor of claimant. The case comes to this court upon writ of error.

Upon the trial in the circuit court, the claimant offered in evidence the records and files in the estate of Thomas Lorimer. He also offered, over the objection of the defendant, oral proof as to the ownership of the claim and as to what occurred before the commissioners on claims; also, the various written assignments and the record and files in the chancery case of Howland against Lorimer et al., which was a proceeding to foreclose the mortgage,

commenced in April, 1898, wherein a decree was taken, a sale made, and a decree taken for the deficiency after the sale of the real estate was made. A computation of the amount claimed to be due upon the basis of the deficiency shown in the foreclosure suit was submitted, showing the amount due to be $1,653.93. It was for this amount a verdict was directed.

Counsel for defendant present the following propositions:

1. Was the court in error in holding that the Charles M. White claim was legally allowed by the commissioners on claims, and in refusing to direct a verdict in favor of the estate?

2. If so, was the court in error in allowing evidence to be introduced to show what had transpired before the commissioners on claims, and by parol evidence to attempt to establish that the claim was an absolute, and not a contingent, claim?

3. If not, was the court in error in refusing to submit the case to the consideration of the jury, and in directing a verdict on behalf of the claimant?

And he answers each of them in the affirmative.

As to the first proposition, it is claimed by counsel for the estate that the claim passed upon by the commissioners was a contingent claim, which they had no authority to allow, and that its allowance is a nullity. On the part of the claimant, it is said the claim was properly allowed, and is an absolute liability against the estate. Section 9378, 3 Comp. Laws, reads:

"The commissioners shall have power to try and decide upon all claims which by law survive against or in favor of executors and administrators, except claims for the possession or title of real estate; and may examine and allow all demands, at their then present value, which may be payable at a future day, including claims payable in specific articles, and may offset such demands in the same manner in favor of the estate."

Section 9411, 3 Comp. Laws, reads:

" If any person shall be liable as security for the deceased or have any other claim against his estate which

cannot be proved as a debt before the commissioners or allowed by them, the same may be presented with the proper proof to the probate court, or to the commissioners, who shall state the same in their report, if such claim shall be presented to them."

Section 9413, 3 Comp. Laws, reads:

"If such contingent claim shall become absolute and shall be presented to the probate court or to the executor or administrator, at any time within two years from the time limited for other creditors to present their claims to the commissioners, it may be allowed by the probate court upon due proof, or it may be proved before the commissioners already appointed or before others to be appointed for that purpose, in the same manner as if presented for allowance before the commissioners had made their report," etc.

Section 9377 reads:

"At the expiration of the time limited, or as soon thereafter as they shall have time to complete the hearing of the claims presented, the commissioners shall make a report of their doings to the probate court, embracing lists of the claims presented, or exhibited in offset, and stating how much was allowed, and how much disallowed, together with the final balance, whether in favor of the creditor or the estate; and the report shall state particularly the manner of giving notice to the claimants."

There are three important things noticeable in these provisions of the statute that may have a bearing in solving the questions presented by this record. The *first* is that, as to absolute claims, the commissioners have power to try and decide them, and it is made their duty to report how much was allowed, how much disallowed, and the final balance, whether in favor of the creditor or in favor of the estate. *Second.* As to the contingent claims, they have no authority to try and decide them. *Third.* The commissioners are required by sections 9377 and 9411 to make a report of their doings to the probate court. In neither of these sections are they required to report the character of the claims. It is very clear that a debt, secured by a real-estate mortgage, was presented to the

commissioners for allowance, the claim being $2,217.11. It is equally clear that the commissioners undertook to try and decide this claim, and that they did try and decide it, and allowed a final balance in favor of the claimant of $2,217.11. Certainly, a debt represented by a real-estate mortgage and a note signed by the decedent is a claim absolute, and is such a claim as the commissioners are authorized to try. and decide by section 9378, 3 Comp. Laws. No appeal was taken from their decision. They were acting in a judicial capacity, and their action is final when not appealed from. *Shurbun* v. *Hooper*, 40 Mich. 503; *People, ex rel. Green,* v. *McCutcheon,* 40 Mich. 244; *Byrne* v. *Hume,* 86 Mich. 546; *Finley* v. *Dubay,* 112 Mich. 334. The claim presented to them was such a claim as they were authorized to try and decide. They did *try* and *decide* it. We think the effect of that decision is final. This makes it unnecessary to discuss the other questions raised.

Judgment is affirmed.

MCALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.