ANDREWS *v.* OSBORN.

1. APPEAL AND ERROR—EQUITY—PLEADING—PLEA—DUPLICITY.
   The objection that a plea to a bill in equity setting up the de-
   fenses of res adjudicata and of the statute of limitations is
   bad for duplicity, will not be held decisive on appeal where
   the point was not made in the trial court.

2. EQUITY PLEADING—PLEA—DUPLICITY.
   The court in chancery may permit a double plea.

3. SAME—INJUNCTION BILL—JUDGMENT.
   A bill to restrain the enforcement of a judgment at law must
   be positive, explicit and certain.

4. SAME—FRAUD—CONCLUSIONS IN PLEADING.
   If fraud is the ground upon which the aid of equity is asked
   to enjoin the enforcement of a judgment, it is not sufficient
   to incorporate in the bill general allegations of fraud, deceit
   or misconduct, but the specific facts constituting the alleged
   fraud must be set forth.

5. ESTATES OF DECEDENTS — ALLOWANCE OF CLAIMS — RES AD-
   JUDICATA—JUDGMENTS.
   The allowance of a claim against an estate of a deceased is
   conclusive on all persons interested whether residents of the
   State or not, if the steps required by statute are regularly
   taken to notify the parties in interest, unless successfully
   impeached for fraud.

6. SAME—ALLOWANCE OF CLAIMS—COLLATERAL ATTACK—JUDG-
   MENTS—PLEADING.
   A bill which avers that a claimant fraudulently presented a
   claim against an estate, and that it was false and fraudulent
   and he procured its allowance by false testimony, is too gen-
   eral to warrant relief for fraud.

7. EQUITY—LACHES—PLEADING.
   Laches may bar a complainant from setting aside the allow-
   ance of a claim in probate when he permits several years to
   intervene before filing the bill, which fails to negative knowl-
   edge of the death of deceased and her ownership of property.

8. SAME—ESTATES OF DECEDENTS—ALLOWANCE OF CLAIMS—CON-
CLUSIVENESS OF JUDGMENT—SETTING ASIDE—LIMITATIONS.

The defense of the statute of limitations should be raised be-
fore the commissioners to whom a claim is presented, or on
appeal, and is barred as a ground for setting aside the judg-
ment by the allowance of the claim.

Appeal from Barry; Smith, J. Submitted October 12,
1909. (Docket No. 47.) Decided December 10, 1909.

Bill by L. F. Andrews and others against George
Osborn, Alice Sturtz, and others, to set aside a claim al-
lowed against the estate of Jennie Charlton, deceased.
From a decree dismissing the bill, complainants appeal.
Affirmed.

*Finley & Gallinger* and *Colgrove & Potter*, for com-
plainants.

*Thomas Sullivan*, for defendant Sturtz.

BLAIR, C. J. Complainants and appellants as heirs at
law of Jennie Charlton, formerly of Barry county, in this
State, filed their bill of complaint for the purpose of set-
ting aside proceedings in the probate court of said county,
resulting in the allowance of a claim filed by Eli Charlton
against the estate of his said wife Jennie, as well as an
administrator's deed of real estate in said county, of which
the said Jennie Charlton was seised and possessed at the
time of her death, executed under the order of said probate
court. Mrs. Charlton died on the 7th day of August,
1894, intestate, her husband surviving her until the 21st
day of July, 1908, when he also died, leaving a will under
which the defendants claim. The bill sets forth that the
complainants were all nonresidents of the State of Michi-
gan, and that none of them had actual notice of the pro-
bate of the estate of Mrs. Charlton, or the pendency of the
petition for the probate of the same, or of the order of
publication made therein, or of the presentation of the
claim of Eli Charlton against said estate, or of the allow--

ance of said claim, or the application for the sale of the
lands, or of any of the proceedings connected therewith;
that the first actual notice received by them was after the
death of said Eli Charlton—

"That the said Eli Charlton, husband of said deceased,
well knowing the premises, but wrongfully contriving
and intending to injure the estate of the said Jennie
Charlton and the complainants herein in their right of in-
heritance, made and presented a claim to the probate
court for Barry county, Mich., against the said estate of
Jennie Charlton, deceased, a copy of which said claim is
now on file in the office of the probate court for Barry
county, Mich., is annexed hereto and marked ' Exhibit A';
that said account was wholly without merit; that it was
false and fraudulent; that it was fraudulently and de-
signedly trumped up in order to cheat, wrong, and de-
fraud the estate of Jennie Charlton, deceased, and the
complainants herein of their rights, and to fraudulently ob-
tain the sale of the real estate of the said Jennie Charlton,
deceased, and to fraudulently obtain the title thereof; that
said claim was outlawed and barred by the statute of
limitations, and upon its face showed that part of it did
not accrue during the lifetime of said Jennie Charlton,
and that part which did accrue during the life of Jennie
Charlton showed upon its face that it was fraudulent,
without foundation, and without merit, but, that notwith-
standing the fraud upon the part of said Eli Charlton in
presenting said claim, he, the said Eli Charlton fraudu-
lently procured the allowance of said claim and fraudu-
lently procured the sale of said real estate by proceedings
had in the probate court for Barry county, Mich., and
fraudulently bid in said property as a purchaser at said
sale and in pursuance of said fraudulent design and con-
spiracy became the owner thereof."

To this bill of complaint defendants filed their plea, ac-
companied by an answer denying the fraud, and setting
up in their defense as a bar the former adjudication in the
probate court and the statute of limitations. It is urged
by counsel for complainants that these defenses made by
the plea are separate, inconsistent, and distinct, and that
the plea is therefore bad, as held by this court in *Mains*
v. *Steel Fence Co.*, 116 Mich. 538 (74 N. W. 735).

It is alleged in the brief for defendants that no objection was made to the plea as being bad for duplicity in the court below, but the matter was argued on the sufficiency of the plea, and that this objection is now made for the first time in this court. This statement in the brief of defendants is not controverted upon the oral argument by counsel for complainants, nor is there anything in the record indicating that the question was formally raised in the court below. Inasmuch as the court below might have permitted the double plea if his attention had been called to the matter (16 Enc. Pl. & Pr. p. 608), and the case is fully briefed on both sides upon the material questions in the case, we are not disposed to determine the case upon the preliminary question of practice.

The allegations of the bill of complaint in equity to obtain an injunction against a judgment at law must be positive, explicit, and certain, and, if fraud is the ground upon which the aid of equity is asked in relieving against a judgment, it is not sufficient to incorporate in the bill general allegations of fraud, deceit, or misconduct, but the specific facts constituting the alleged fraud must be set forth. 23 Cyc. pp. 1039–1041. An examination of the bill of complaint in the present case discloses that all of its allegations are of the most general character so far as the allegation of fraud is concerned, and amount in substance to this: That the claimant, Eli Charlton, put in a false claim against the estate of his deceased wife, and supported it by perjured testimony. The record shows that all of the steps required by statute to charge the heirs at law and all other persons interested in the estate of Mrs. Charlton, whether residents or nonresidents of the State of Michigan, were regularly taken, and they are a bar to any further inquiry, unless successfully impeached for fraud. *Toll* v. *Wright*, 37 Mich. 93; *Shurbun* v. *Hooper*, 40 Mich. 503; *Norman* v. *Olney*, 64 Mich. 553 (31 N. W. 555); *Lafferty* v. *Savings Bank*, 76 Mich. 35 (43 N. W. 34); *Burgess* v. *Stribling*, 134 Mich. 33 (95 N. W. 1001); *Flynn* v. *Lorimer's Estate*, 141 Mich. 707 (105 N. W.

37); *Draper* v. *Brown*, 153 Mich. 120 (117 N. W. 213).

The bill contains no allegation that complainants were ignorant of the death of Jennie Charlton at the time thereof, or that they were ignorant of her ownership of real and personal property, or that her death was in any wise concealed from them; and, in view of the strictness required in the statement of complainants' case by the rules of pleading, it might well be inferred that such allegation was omitted for the reason that it could not truthfully be made, in which event complainants' laches would be a complete answer to their bill of complaint. Waiving this question, however, the bill does not state such a case of fraud as to justify the intervention of a court of equity under the repeated decisions of this court. *Gray* v. *Barton*, 62 Mich. 186, 197 (28 N. W. 813); *Cleveland Iron Mining Co.* v. *Husby*, 72 Mich. 61 (40 N. W. 168); *Codde* v. *Mahiat*, 109 Mich. 186 (66 N. W. 1093); *Weisman* v. *Newton Beef Co.*, 154 Mich. 511 (118 N. W. 2).

It is also contended that the claim was void, and could not be allowed because it showed upon its face that it was barred by the statute of limitations because section 9375, 3 Comp. Laws, provides that "no claim barred by the statute of limitations shall be allowed by the commissioners in favor of or against the estate as a set-off or otherwise;" that, therefore, the allowance of the claim was a mere nullity. The answer to this contention is that the claim, which is fully set forth in the record attached to the bill of complaint and the plea, was not for the most part barred by the statute of limitations, but only certain items thereof, and it does not follow that these items might not have been shown by testimony to the satisfaction of the probate court to have come within some of the exceptions preventing the running of the statute; but, conceding that some of the items were unlawful claims, still these did not oust the court of jurisdiction, since other items were proper subjects for allowance, and the case falls within the decision of *Perkins* v. *Fairfield*, 11

Mass. 227, rather than that of *Heath* v. *Wells*, 5 Pick. (Mass.) 140 (16 Am. Dec. 383). We are still of the opinion, moreover, previously expressed in *Shurbun* v. *Hooper*, 40 Mich. 503, that, "if there was any objection growing out of the statute of limitations to the validity of the claims passed upon, it should have been raised before the commissioners or on appeal, and cannot properly be considered in this action."

We are of the opinion that the circuit judge reached a correct conclusion, and the bill of complaint is dismissed, with costs to defendants.

GRANT, MOORE, MCALVAY, and BROOKE, JJ., concurred.